GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. T. D. SHIEDER.

No. 272.

**1. Presumption of Negligence.**

We are of opinion, that the law raises no presumption of negligence from the mere fact of injury against either the plaintiff or the defendant (in an action against a railway for negligently causing personal injury). Negligence, like fraud, is a species of wrong, and will not be presumed in absence of testimony ............................................................. 161

**2. Contributory Negligence—Pleading.**

It is not necessary for the plaintiff in his petition to negative, either by facts stated or by express averment, the existence of contributory negligence on his part ............................................................. 161

**3. Same—Burden of Proof.**

We are of opinion, that the great weight of authority, as well as the reason of the law, is in favor of the rule which imposes the burden of proof upon the defendant to establish plaintiff's contributory negligence; and it may be considered the settled law of this State. Cases are discussed ..... 162

**4. Burden of Proof of Contributory Negligence—Exceptions.**

To the general rule imposing upon the defendant the burden of proof on the issue of contributory negligence, there are two well defined exceptions: (1) Where the legal effect of the facts stated in the petition is such as to estab-

lish prima facie negligence on part of the plaintiff as matter of law; then he must plead and prove such other facts as will rebut such legal presumption. (2) Where the undisputed evidence adduced on the trial establishes prima facie, as a matter of law, contributory negligence on the part of the plaintiff; then the burden of proof is upon him to show facts from which the jury upon the whole case may find him free from negligence ......... 163

**5. Suspicion of Negligence.**

The rule stated in Wharton's Law of Negligence, that "when the plaintiff's own case exposes him to the suspicion of negligence, then he must clear off such suspicion," discussed and disapproved, if by it is meant a less condition of evidence than is required to bring the case within one or other of the two exceptions given above ....................................... 164

**6. Insufficient Proof of Contributory Negligence.**

See facts held insufficient to justify this court to set aside the verdict which negatived contributory negligence...................................... 166

**7. Contributory Negligence—Charge.**

The court should not, by instructing as to the duty of one approaching a railway crossing, impress upon the jury that the failure to do the things enumerated would be negligence. Such a charge was properly refused.... 166

**8. Proper Charge—Contributory Negligence.**

After a defective clause, the requested charge contained the following, which was pertinent to the issues and does not invade the province of the jury, viz: "If you believe from the evidence that she failed to look for a train as soon as she could have seen the same, and that a failure to do so was a failure to exercise such care as a reasonably prudent person would have used under the circumstances, and that such failure contributed to the injuries received, you will find for the defendant." This should have been given, had it been detached from the obnoxious paragraph preceding it. .166, 167

**9. Practice—Refusing Charges.**

The general charge of the court upon contributory negligence being correct, it was not error in the trial court to refuse a charge in part obnoxious, or to decline to reform the requested charge so as to exclude the obnoxious part. 167

**10. Immaterial Testimony.**

Defendant offered witnesses to show that Mrs. Shieder, the injured party, passed over and about the crossing in question frequently, and that she knew, or ought to have known, that trains passed such points frequently and at rapid rates. This testimony was excluded. It was in evidence, that she resided near and in full view of the crossing. *Held,* that under the testimony it does not appear that the offered evidence was pertinent; but if admissible, its exclusion did not injure the defendant, and is not a ground for reversal ............. ......................................... 168

Error to Court of Civil Appeals for Third District, in an appeal from Concho County. The suit was transferred to Concho from Runnels County.

The opinion sufficiently states the case.

*J. W. Terry* and *Chas. K. Lee,* for plaintiff in error.—1. Complaining of the insufficiency of the evidence to support the verdict. (1) The verdict of the jury is contrary to the law and the evidence, in this, that the great preponderance of the evidence shows that defendant was not guilty of negligence causing or contributing to the injury of plaint-

iff's wife. (2) The undisputed evidence shows, that plaintiff's wife, without looking or listening for an approaching train, and without making any effort to discover a train approaching on defendant's tracks, went upon the track at the point of the crossing where the accident occurred, and was struck by a train, when, by the use of ordinary care, she could have prevented the same, and that plaintiff is therefore not entitled to recover. Cullen v. Canal Co. (N. Y.), 21 N. E. Rep., 716; Allen v. Railway (Me.), 19 Atl. Rep., 105; Sala v. Railway (Iowa), 52 N. W. Rep., 664; Pence v. Railway, 19 Am. and Eng. Ry. Cases, 366; Railway v. Kutac, 72 Texas, 652; Rhodes v. Railway (Mich.), 21 Am. and Eng. Ry. Cases, 659.

2. (1) It is the duty of a person about to go upon a railroad track to look and listen for an approaching train—in no other way can he exercise ordinary care or any care at all; and if he fails to do so, and such failure contributes to his injury, he can not recover.

(2) While it may be that under the decisions of this State it is for the jury to determine, under all the facts and circumstances of the particular case, whether or not the failure to look and listen could be excused, it was nevertheless the right of the defendant to have the jury instructed as to what duties the law fixed upon the plaintiff's wife. The eleventh and fifteenth special charges asked properly to define the duties, and left the question, whether the failure to discharge the duty under the facts and circumstances of this case was negligence, to the jury, and were therefore unobjectionable and should have been given.

Authorities under first proposition: Beach on Con. Neg., sec. 63, and cases cited in notes; Railway v. Bennett, 3 Willson's C. C., sec. 38; Railway v. Crawford, 44 Am. and Eng. Ry. Cases (Ala.), 568; Railway v. Ritche, 19 Am. and Eng. Ry. Cases (Pa.), 267; Mynning v. Railway (Mich.), 28 Am. and Eng. Ry. Cases, 665; Lesan v. Railway, 77 Me., 85; 23 Am. and Eng. Ry. Cases, 245; Berry v. Railway (N. J.), 26 Am. and Eng. Ry. Cases, 396; Deubin v. Railway (Ore.), 32 Am. and Eng. Ry. Cases, 149.

Under second proposition: Railway v. Bracken, 59 Texas, 71; Railway v. York, 74 Texas, 367; Railway v. Kutac, 72 Texas, 652; Railway v. Dean, 76 Texas, 73; Railway v. Ryon, 80 Texas, 59; Artusy v. Railway, 73 Texas, 194; Railway v. Brin, 77 Texas, 174; Brown v. Griffin, 71 Texas, 654.

3. There is one consideration our courts seem always to have overlooked. As far back as 1854 our Legislature has recognized this duty, and, while not directly commanding, has directly called attention to it, and by fair construction made it mandatory on all travellers at railroad crossings. Article 4231, Revised Statutes, provides, that signs shall be erected at all points where public roads cross a railroad track, "with large and distinct letters placed thereon, to give notice of the proximity of the railroad, and warn persons." Of what? Of the railroad? Of the duty to use ordinary care? No; but of "the necessity of looking out for the cars." No glittering, meaningless generalities. A

plain duty, expressed in plain and unambiguous language. So article 4232 provides for the blowing of a whistle or the ringing of a bell. Is it fair to say that it was the intention of the Legislature that these notices should be given, and still impose no correlative duty on the public for whose benefit they were provided? What is the object of the statute? The protection of life for the sake of the individual traveller? Incidentally, yes; but primarily, for the prevention of accidents, the protection of the lives not only of travellers on the highway, but of persons on the train, and of property also; for the peace of society—a matter that the State is itself interested in.

4. It was alleged in the petition, that the view of plaintiff's wife was obstructed by the presence of box cars on the side track, and the evidence showed the truth of such allegation. While in the nature of things this would have excused her failure to see the train, it did not excuse her failure to listen, and, under well settled rules, the faculty of sight being lost to her, the law imposed upon her the duty of using her sense of hearing with the more diligence; and the defendant was entitled to have the jury so instructed. McCain v. Railway, 18 S. W. Rep., 537; Railway v. Dean, 76 Texas, 73; Railway v. Ryon, 80 Texas, 59; Artusy v. Railway, 73 Texas, 191; Railway v. Garcia, 75 Texas, 583; Railway v. Howard, 124 Ind., 280; Mynning v. Railway, 23 Am. and Eng. Ry. Cases (Mich.), 317; Railway v. Kuhn, 32 Id., 16.

5. Where the plaintiff's own case raises a suspicion of contributory negligence, the burden is on the plaintiff not only to show negligence on the part of the defendant, but to show that he was not guilty of contributory negligence. Railway v. Foreman, 73 Texas, 311; Railway v. Spicker, 61 Texas, 427; Railway v. Redeker, 67 Texas, 181; Railway v. Murphy, 46 Texas, 363; Brickett v. Railway, 42 Am. and Eng. Ry. Cases, 107; Railway v. Tohman, 98 N. Y., 198; 23 Am. and Eng. Ry. Cases, 312; Ryan v. Railway (La.), 11 South. Rep., 30; 4 Am. and Eng. Encyc. of Law, 92; Railway v. Howard, 124 Ind., 280.

6. The court erred in refusing to allow the defendant to prove that Mrs. Younger and Mrs. Shieder were perfectly familiar with the crossing where the accident occurred, the situation at and about the same, and with the fact that trains passed there frequently and at rapid rates. City of Austin v. Ritz (Texas), 7 S. W. Rep., 884; Railway v. Measles, 81 Texas, 474; Railway v. Moore (Texas), 15 S. W. Rep., 714; Townley v. Railway (Wis.), 4 Am. and Eng. Ry. Cases, 567; Patterson v. Railway, 7 South. Rep., 437; Railway v. Henick, 29 N. E. Rep., 1052; Stringer v. Frost, 19 N. E. Rep., 331; Galvin v. Mayor, etc., 19 N. E. Rep., 675; Presby v. Railway, 22 Atl. Rep., 554; Marcott v. Railway, 4 Am. and Eng. Ry. Cases, 548; Helbig v. Railway, 48 N. W. Rep., 589.

Supporting motion for rehearing, counsel on the subject of burden of proof urged "the court to consider this question, as far as it is possible now to do so, as an original one, and not as one that has already been

argued by both sides, on which both sides have had a hearing, and on which the court has reached a conclusion after careful investigation of the authorities and in the light of the argument of the parties.

"In a carefully considered article on the burden of proof, in volume 4 of the Harvard Law Review, pages 48, 49, speaking of the term 'Burden of Proof,' it is said: 'In legal discussion, this phrase is used in two ways; (1) to indicate the duty of bringing forward argument or evidence in support of a proposition, whether at the beginning or later; (2) to mark that of establishing a proposition as against all counter argument or evidence. It should be added, that there is a third indiscriminate usage, far more common than either of the others, in which the term may mean both or either of the first two. The last is very common; the first or second, that is to say, any meaning which makes a clear discrimination, is much less usual.'

"This distinction in the meaning of the term may be differently expressed; thus, (1) the burden of bringing forward testimony at particular stages of the case to meet or rebut a prima facie case made by the opposing side; (2) the burden of establishing on the whole case, by a preponderance or superior weight of testimony, any particular fact or facts which are essential to the existence of a cause of action or of a defense based on a discharge of a right of action which once existed. It is when the term is used in the second sense that it is often properly said, 'the burden of proof never shifts.' When the term is used in the first sense, the burden of proof may shift.

"This distinction between the use of the term, so far as we have gone, has always been recognized whenever called to the attention of the court; but an examination of the decisions not only of this State, but of substantially all others, will show that the court, in cases where it has not been necessary to carefully distinguish between the two uses, have fallen into a careless and indiscriminate use of the term, and to this use we think may be attributed in a large degree the supposed confusion on the question that has arisen. Bearing this distinction in mind, we believe that we can demonstrate both by reason and the great weight, if not substantially all, of the decisions of this State, the following propositions:

"First. That the burden of proof on contributory negligence, in the sense of the burden of establishing such issue by a preponderance of evidence, where there is evidence in the case of contributory negligence, whether first offered by plaintiff or defendant, on the whole case has never been held by the decisions of this State to be on the defendant, and that wherever expressions have been used by the court to the effect that the burden on that issue was on the defendant, the term has been used in the sense of the burden or obligation to introduce testimony at a particular stage of the case.

"Second. That in whatever sense the term may have been used, if it can be held that there are any decisions in this State which hold that the burden of proof is on the defendant as to contributory negligence,

still, that without dissent or dispute, the rule has been qualified to this extent, that where the plaintiff's own case discloses any evidence of contributory negligence, the burden is on him on the whole case."

Supporting these propositions, counsel discussed and analyzed the leading cases upon the subject by the different courts in the United States and in England.

*Guion & Truly,* for defendant in error.—The action of the court in refusing the several special charges quoted was correct, because the same are not the law. Our statute does not require persons approaching a public crossing on a railroad to stop and listen and look for approaching trains; therefore it would be incorrect for the court to instruct the jury that a failure to do so would constitute negligence. Whether a failure to do so would or would not constitute negligence is a question of fact, to be determined from the facts and circumstances of each particular case. Railway v. Anderson, 76 Texas, 251; Railway v. Dyer, 76 Texas, 156; Railway v. Wilson, 60 Texas, 143, 144; Railway v. Chapman, 57 Texas, 82; Railway v. Lee, 70 Texas, 501; Railway v. Porfert, 72 Texas, 351; Railway v. Wright, 62 Texas, 517; 1 Greenl. on Ev., 14 ed., 72, note c.

*Guion & Truly* and *Fisher & Townes,* for defendant in error, filed an argument, from which is taken the following:

The next point presented by the plaintiff in error relates to the refusal of the trial court to give special charges asked by it, that it is the duty of a person approaching a railroad crossing to look and listen for an approaching train. It would seem, that if a course of decision can settle any proposition of law, that the one involved in these assignments is settled against the contention of the plaintiff in error. There has ever been a diversity of opinion among the courts of different States as to the province of the court and jury, respectively, on questions of fact. Texas has, ever since the organization of her courts, been among those States which leave the determination of questions of fact exclusively to the jury except in peculiar and specified instances. Years ago, when questions of negligence began to be living, practical issues in our jurisprudence, this controversy at once sprung up within the courts on that question, and it became necessary to consider the different lines of authority and the reasons underlying each, and to select between them some course which should obtain in our State until changed by legislative authority. This was done, and the court, upon due deliberation, held, that in the absence of statutory provision specifying as a matter of law the duty of a party under given circumstances, the question, what should constitute negligence, was one of fact to be determined by the jury under proper instructions, and that the courts were not, in charging the jury, authorized to argue the facts in the particular case, nor express an opinion upon

such facts, either collectively or severally, or as to the result or weight of the same.   Railway v. Murphy, 46 Texas, 444.

We do not think that the contention of the plaintiff in error, that articles 4231 and 4232 of the Revised Statutes can be called in to make this a new question, is tenable.   It is not to be presumed that these statutes have been overlooked heretofore by the court in passing upon this question, nor will any fair construction of these statutes, or either of them, make it a statutory duty on the part of the person approaching the crossing to look and listen.   The second of these statutes has been before this court for construction in cases too numerous to mention.   It requires the giving of signals announcing the approach of the train and its purpose to pass over the crossing.   Its full penalty, as against the traveller on the public road, is to charge him, in all instances where such signals are given, with actual notice of the approach of the train, and to cut off his right of recovery in all such instances if such right is dependent upon want of such knowledge, whether he in fact knew or did not know of the coming of the train.   To give it a construction which would enlarge and increase the duty of the person approaching the railroad track in those instances in which the company fails to comply with its provisions, would be to entirely subvert the purposes of the statute, and make its violation a means of protection to the company, instead of the individual.   This statute certainly could have no reference to looking.   The same principles of construction apply to article 4231.   The construction of this article, however, can not possibly arise in this case, as there is no pleading nor proof with reference to compliance or noncompliance therewith, and the court will not now incorporate into the record new facts, and presume that such a sign was there and was not on the side obstructed by the box cars, and that Mrs. Shieder ought to have read it, and having read it, ought to have looked for the train, and that failure to do so was failure to comply with a statutory duty.

DENMAN, ASSOCIATE JUSTICE.—This suit was brought by T. D. Shieder, against the Gulf, Colorado & Santa Fe Railway Company, to recover damages for injuries inflicted upon plaintiff's wife in a collision between one of the trains of defendant and the buggy in which Mrs. Shieder was riding, at the intersection of a public street with the railroad, in the town of Ballinger, on the 17th day of April, 1892.   The railroad ran east and west, and the street crossed same at right angles. The railroad, at said intersection, had two tracks parallel with each other, about forty-six feet apart, the main track being on the north and the side track on the south.   On said side track, just east of the crossing, stood a number of box cars.   Mrs. Shieder and Mrs. Younger approached said crossing from the south, in said buggy, the horse being in a slow trot, and passed over said side track, just west of the box cars, and at the same time an engine with caboose attached approached said crossing on the main track from the east.

Plaintiff's testimony tends to show, that as the buggy crossed the side track, Mrs. Shieder, who was driving, raised up in the buggy and looked in the direction of the approaching train, and then pulled the horse to the left, whereupon the horse, becoming unmanageable, plunged forward across the main track, bringing the buggy on to same just in time to collide with the engine, which threw Mrs. Shieder about seventy-four feet, and Mrs. Younger about fifty-five feet, greatly injuring the former, and killing the latter.

Some of the employes of defendant on the train appear to have discovered the horse as he came over the side track from behind the cars; but the engineer testified, that he was not aware of the presence of the buggy until the engine struck it, and that he did not make any effort to stop, for that reason. There was much conflict in the testimony as to whether the bell was ringing as the engine approached the crossing, and as to the speed of the train. Mrs. Shieder has no recollection of the accident, and does not even remember being with or seeing Mrs. Younger on the day of her death.

A verdict and judgment for plaintiff was affirmed by the Court of Civil Appeals.

The court below charged the jury, that the burden of proof was upon defendant railroad to establish contributory negligence on the part of Mrs. Shieder. This charge is assigned as error.

There is much conflict of authority upon the question as to whether the burden of proof upon the issue of contributory negligence rests upon plaintiff or defendant. The confusion resulting is intensified by the fact that few, if any, jurisdictions can be found in which the decisions of the courts of last resort can be entirely reconciled upon this important question. A careful examination of the cases leads us to the conclusion, that much of the apparent conflict in the decisions of any particular State is due to the fact that the courts, in deciding individual causes, have sometimes relied upon the authority of decisions by courts holding a different view of the law as to burden of proof, such difference not appearing upon the face of the decisions, but lurking in the principle upon which they are based. The two classes of decisions, and the reasons by which they are respectively supported, are essentially antagonistic. They start from different premises, and logically arrive at different results, and therefore the citation of one to support the other generally leads to confusion.

Mr. Beach, who undertakes to defend the rule imposing the burden on the plaintiff, asserts that it is supported by "the decided weight of authority," and declares it to be the doctrine in Massachusetts, Maine, Mississippi, Louisiana, North Carolina, Michigan, Oregon, Illinois, Connecticut, Iowa, Indiana, and probably New York, but candidly admits that the contrary is the settled rule in England, the Supreme Court of the United States, Alabama, California, Georgia, Kentucky, Kansas, Maryland, Minnesota, Missouri, New Hampshire, New Jersey, Nebraska, Ohio, Pennsylvania, Rhode Island, South Caro-

lina, Texas, Wisconsin, West Virginia, Vermont, and Colorado, and is the opinion of the text writers. Beach on Con. Neg., sec. 156.

The burden was first held to be upon plaintiff, by the Supreme Court of Massachusetts, in 1831, in Lane v. Crombie, 12 Pickering, 176, in which case the court held, that the trial court erred in charging the jury that the burden of proof was upon defendant to establish plaintiff's contributory negligence, relying for authority upon the case of Butterfield v. Forrester, 11 East, 43, decided in the Court of King's Bench, in 1809. We do not think the last mentioned case can be construed to support the Massachusetts court. In that case, plaintiff left a public house, not far distant from the place in question, at 8 o'clock in the evening, in August, when they were just beginning to light the candles, but while there was light enough left to discern the obstruction at 100 yards distance; and the witness who proved this said, that "if plaintiff had not been riding very hard he might have observed and avoided it [the obstruction in the street]; the plaintiff, however, who was riding violently, did not observe it, but rode against it, and fell with his horse, and was much hurt in consequence of the accident." On this evidence, Bailey, J., directed the jury, "that if a person riding with reasonable and ordinary care could have seen and avoided the obstruction, and if they were satisfied that the plaintiff was riding along the street extremely hard, and without ordinary care, they should find a verdict for the defendant;" which they accordingly did.

The only question before the court was the correctness of the charge, which did not instruct as to the burden of proof, and the opinion approving the charge does not undertake to discuss such question. By giving this case a construction not warranted by the sole question before the court, and not given it in England, the Supreme Court of Massachusetts adopted a rule which, being followed by the courts above cited, has produced much confusion in American jurisprudence.

Mr. Beach virtually admits that the strongest defense of the rule is contained in the following language of Storrs, J., in Park v. O'Brien, 23 Connecticut, 345: "The reason of the rule is, that the plaintiff must prove all the facts which are necessary to entitle him to recover, and this is one of those facts. It was necessary for the plaintiff to prove, first, negligence on the part of defendant in respect to the collision alleged; and, secondly, that the injury to the plaintiff occurred in consequence of that negligence. But in order to prove this latter part, the plaintiff must show that such injury was not caused, in whole or in part, by his own negligence; for, although the defendant was guilty of negligence, if the plaintiff's negligence contributed essentially to the injury, it is obvious that it did not occur by reason of defendant's negligence. Therefore the plaintiff would not prove enough to entitle him to recover, by merely showing negligence on the part of the defendant; but he must go further, and also prove the injury to have been caused by such negligence, by showing a want of contributory negligence on his own part contributing materially to the injury.

Hence, to say that the plaintiff must show the latter, is only saying that he must show that the injury was owing to the negligence of the defendant.''

We think this reasoning fallacious. It assumes that plaintiff can not recover unless it appears that the injury was caused solely by the negligence of defendant, when the law is, that he may recover when defendant's negligence is only one of several contributing causes, the defendant being able to defend, where one of such causes is plaintiff's negligence, not on the ground that his own negligence was not the sole cause of the injury, but upon the ground that the law will not permit plaintiff to recover where it is shown that his own wrongful or negligent act contributed to the injury.

The *real* ground upon which the rule is based is the assumption that the law, from the fact that plaintiff was injured, raises a prima facie presumption that he was guilty of negligence contributing thereto. If this assumption be correct, then it follows, that before he can recover he must show that he was not guilty of contributory negligence.

We are of the opinion that the law raises no presumption of negligence, from the mere fact of injury, against either the plaintiff or the defendant.

Negligence, like fraud, is a species of wrong, and will not be presumed.

The rule seems to be well settled, that it is not necessary for the plaintiff in his petition to negative, either by facts stated or by express averment, the existence of contributory negligence on his part. This was held by Duer, J., in 1855 (Johnson v. Railway, 5 Duer, 22); by the Supreme Court of California, in 1874 (Robinson v. Railway, 48 California, 426); by Chief Justice Roberts, in 1876 (Railway v. Murphy, 46 Texas, 360; Railway v. Cowser, 57 Texas, 302); and Lord Penzance, in 1878, in delivering his opinion in the House of Lords, in the leading case of Railway v. Slatterly (L. R., 3 App., 1180), said: ''I think I may safely say, that no such declaration was ever seen.''

We have been able to find no case where such pleading has been required, except in a few of those States where the burden of proof is upon plaintiff to show that he was not guilty of contributory negligence.

Since these States have changed the well established and logical rule of evidence at common law, consistency would seem to require a corresponding change in the rule of pleading; but it seems that only a few of them have so ruled.

As said in the Slatterly case, above referred to, ''If any such burthen lay upon the plaintiff, it would certainly have been necessary for him, in the days when pleadings were required to be more precise and strictly accurate than perhaps they are now, to allege in his declaration, that the accident happened without any such negligence on his own part as contributed to cause it. And yet I think I may safely say

no such declaration was ever seen." See also Johnson v. Railway, 5 Duer, 26.

We are of the opinion that the great weight of authority, as well as the reason of the law, is in favor of the rule which imposes the burden of proof upon defendant to establish plaintiff's contributory negligence, and it may be considered the settled law in this State. Railway v. Murphy, 46 Texas, 360; Railway v. Cowser, 57 Texas, 300; Railway v. Spicker, 61 Texas, 429; Railway v. Redeker, 67 Texas, 189; Railway v. Bennett, 76 Texas, 153.

It can not be denied, that the opinions of this court in the cases of Walker v. Herron, 22 Texas, 55, and Texas & New Orleans Railway Company v. Crowder, 63 Texas, 503, and 76 Texas, 500, contain language showing that the learned judges delivering the same favored the reasoning of the Massachusetts and Connecticut courts; and from an examination of the opinions and briefs of counsel, it appears that cases from those courts were relied upon. It does not clearly appear that the question of burden of proof was before the court in the case of Walker v. Herron, and in the Crowder cases the court held, that the facts were not sufficient to show defendant's negligence; and since the case must have been disposed of upon that ground, it is probable that the question of burden of proof on the issue of contributory negligence did not receive a very careful examination. This appears more probable when we consider that the learned judge who delivered the opinion in the Crowder case, 63 Texas, 503, also delivered the opinion in the Spicker case, 61 Texas, 429, and was a member of the court when the Redeker case, 67 Texas, 189, was decided, in both of which it was expressly held that the burden of proof was upon defendant, and was chief justice of this court when the opinion of the Commission of Appeals in the Bennett case, 76 Texas, 153, was adopted, holding the same view.

We understand that two questions were decided in Murray v. Railway, 73 Texas, 2; first, that the evidence was sufficient to sustain the verdict on the issue of contributory negligence; and second, that the evidence on such issue was admissible under the general denial, the special plea of contributory negligence having been held defective. It is not necessary for us to determine here in what class of cases a special plea of contributory negligence is required, but it seems generally to be admissible in many jurisdictions under the general denial, even where the burden of proof is on defendant. See Slatterly case, supra; Hocum v. Weitherick, 22 Minn., 153.

To the general rule imposing upon the defendant the burden of proof on the issue of contributory negligence, there appears to be in the very nature of things two well defined exceptions:

First. Where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of plaintiff as a matter of law, then he must plead and prove such other facts as will rebut such legal presumption. The plain reason is, that by plead-

ing facts which, as a matter of law, establishes his contributory negligence, he has made a prima facie defense to his cause of action, which will be accepted as true against him, both on demurrer and as evidence on the trial, unless he pleads and proves such other facts and circumstances that the court can not, as a matter of law, hold him guilty of contributory negligence. When he has done this, he has made a case which must be submitted to the jury. For instance, if plaintiff's petition shows that he was injured by defendant's cars, while on the track under circumstances which in law would make him a trespasser, prima facie, then the law would raise a presumption of contributory negligence against him, for which his petition would be bad on demurrer, and it would be necessary for him to plead some fact or circumstance rebutting such presumption, such as that he was, after going upon the track, stricken down by some providential cause, in order to save his petition, and on the trial the burden would be upon him to establish such cause. Railway v. Murphy, and other cases above cited; Railway v. Symkins, 54 Texas, 618.

Second. When the undisputed evidence adduced on the trial establishes prima facie, as a matter of law, contributory negligence on the part of plaintiff, then the burden of proof is upon him to show facts from which the jury, upon the whole case, may find him free from negligence; otherwise, the court may instruct a verdict for defendant, there being no issue of fact for the jury. Sanches v. Railway, ante, p. 117, and cases cited; Cassidy v. Angell, 12 R. I., 447; Railway v. Symkins, 54 Texas, 618.

Let us apply these principles to the case at bar. Plaintiff's wife was travelling in a buggy along a public street, when injured. She evidently knew the track was there, for she lived in view of and near the crossing. There is no proof as to whether she saw or heard the engine coming until she crossed the side track, though there was some disputed evidence as to whether the whistle was blown some distance back, and as to whether the bell was ringing as the engine approached the crossing. The testimony showed, that her view of the approaching engine was partially if not entirely obstructed until she crossed the side track, when she appears to have discovered the train and tried to turn her horse, which, becoming frightened by the approaching engine, jumped onto the track.

We have seen that the law raises no presumption of negligence from the fact of injury. Are there any other facts from which a legal presumption of negligence on the part of Mrs. Shieder arises? We think not. She had the same right to travel on the street as the defendant had to cross it, and therefore there was nothing prima facie wrongful or negligent in her being there. It can not be said, as a matter of law, that any one or more things she did or failed to do were, prima facie, the failure to use such care and caution as a reasonably prudent person would have exercised under like circumstances.

No fact or group of facts can be gathered from the plaintiff's pleading or the undisputed evidence, from which the law can be said to raise a prima facie presumption of negligence on the part of Mrs. Shieder, and therefore the case does not come within either of the two exceptions above noticed to the general rule imposing upon the defendant the burden of proof upon the issue of contributory negligence.

But defendant contends that plaintiff's evidence exposes Mrs. Shieder to a "*suspicion of negligence,*" and that, therefore, under the rule stated by Mr. Wharton, and quoted with approval in the Spicker case, 61 Texas, 429, the burden of proof was upon plaintiff. The rule referred to is stated by Mr. Wharton, in his work on Law of Negligence, section 426, second edition, as follows:

"No doubt, where, in an action for injuries caused by failure of duty on the part of the defendant, the failure of duty and the injury are shown by the plaintiff, and there is nothing that implies that he brought on the injury by his own negligence, then the burden is on the defendant to prove that the plaintiff was guilty of such negligence. On the other hand, when the plaintiff's own case exposes him to suspicion of negligence, then he must clear off such suspicion."

For authority, he refers to the opinion of Sharswood, J., in Hays v. Gallagher, 72 Pennsylvania State, 140, decided in 1872, which opinion seems to us as being directly opposed to the rule stated by Mr. Wharton, or rather to that part of it relating to "suspicion of negligence," relied upon here. The facts were, that Hays had constructed a bridge across a cut, and allowed the hand rails to become decayed and torn away, whereby it became dangerous to travellers by night, and Gallagher, on a dark night, though living in the neighborhood and being familiar with the condition of the bridge, undertook to cross same, and fell off, whereby he was injured. He was found lying in the cut, and stated that he had fallen off the bridge. This was all the evidence, and though plaintiff was in court during the trial, he did not testify or give any explanation whatever as to how the accident happened. Gallagher recovered judgment, and Hays appealed, upon the refusal of the court below to affirm the fifth point made by him, which was as follows: "The fact that the plaintiff was found in the cut under or near the bridge, between the hours of 11 and 1 o'clock at night, and saying that he had fallen off the bridge, without any explanation of where he had been or was going, or for what purpose he was on the bridge at that hour, or of the time or manner or cause of his falling off, are not sufficient to sustain his action for injuries occasioned by his fall." The court held, "that though there was no evidence of the precise circumstances of the accident, still plaintiff had made out a prima facie case without his own testimony, and was not bound to offer himself as a witness, but that defendant should have called him if he wished the facts developed;" and affirmed the judgment. Thompson, C. J., dissented, on the ground, "that the bridge was only eight or ten feet long and was eighteen feet wide, and that the plaintiff was

perfectly well acquainted with it, and that some evidence ought to have been given to clear him of negligence.''

It appears that the chief justice was inclined to the Massachusetts rule; but, however this may be, we do not construe the case as supporting the rule as stated.

Mr. Wharton does not explain or indicate in any way what legal idea he intended to express by the phrase, ''when the plaintiff's own case exposes him to suspicion of negligence,'' or what amount or character of testimony or proof of negligence would create such suspicion. The word ''suspicion'' is defined as being, ''the imagination of the existence of something without proof, or upon very slight evidence, or upon no evidence at all.'' If this be the meaning of the rule, it is practically the same as that which places the burden of proof upon plaintiff in all cases upon the issue of contributory negligence, for an accident could rarely occur but that there would be some slight evidence of negligence on part of plaintiff. Counsel for defendant ingeniously argue, that a suspicion of contributory negligence is raised by circumstances attending plaintiff's case, though such circumstances fall short of that quantum of proof necessary to support a verdict against plaintiff on the issue of his contributory negligence, for they say, ''certainly it will take more than a mere suspicion of contributory negligence to support a finding to that effect.'' This is equivalent to the proposition that the burden is upon plaintiff to disprove the existence of contributory negligence on his part before any testimony has been offered which would authorize the court to submit the issue to the jury, and brings us again, for all practical purposes, to the rule imposing the burden on plaintiffs in all cases. If the rule stated by Mr. Wharton means any more than that condition of pleading or proof necessary to bring plaintiff within one of the two exceptions to the general rule above stated, we are not prepared to follow it.

We are of the opinion, therefore, that the trial court correctly charged the jury, that the burden of proof was upon defendant to establish contributory negligence on part of plaintiff's wife.

The next assignment of error is as follows: ''The court erred in overruling defendant's motion for new trial on the twenty-fourth ground thereof, as follows: Because the verdict of the jury is contrary to the law and the evidence, in this, that the undisputed evidence shows that plaintiff's wife, without looking or listening for an approaching train, and without making any effort to discover a train approaching on defendant's track, went upon the track at the point of the crossing where the accident occurred, and was struck by a train, when by the use of ordinary care she could have prevented the same, and that plaintiff is therefore not entitled to recover.''

This court having no power to pass upon the sufficiency of evidence, and the burden of proof being upon defendant to establish contributory negligence on the part of Mrs. Shieder, the sole question we can consider is, whether the evidence, as a matter of law, establishes con-

tributory negligence on her part; or in other words, should the court have instructed a verdict for defendant upon the ground that her contributory negligence was, under the state of the proof, no longer a question of fact for the jury, but of law for the court?

We can not say, as matter of law, that the jury should have found that plaintiff's wife did not use such care and caution as a reasonably prudent person would have used under like circumstances. They may have considered that the use of reasonable care would not have discovered the approach of an extra, which they were not expecting, especially since their view was so much obstructed that the employes on the train could not see the horse and buggy, with top up, until after it crossed the side track, and since there was such conflict of testimony as to the speed and noise made by the train. If the jury found them not guilty of negligence until they crossed the side track, then it would be difficult to argue that, as a matter of law, Mrs. Shieder failed to act thereafter as a reasonably prudent person, for she seems to have tried to turn the horse from the track, and ought not to be held responsible for the fright of the animal caused by defendant's negligent act in running the train upon her. It would be a clear invasion of the province of the jury for this court to hold that, as a matter of law, that plaintiff's wife was guilty of negligence.

The Slatterly case, above cited, is probably one of the best considered to be found in the books on the question as to the power of a court, having jurisdiction of questions of law only, to set aside a verdict for want of evidence. The evidence of contributory negligence of the deceased in that case was much stronger, in our opinion, than here; but the verdict was allowed to stand, because there was no conclusive evidence of negligence on part of deceased. Robinson v. Railway, 48 Cal., 420; Railway v. Lee, 70 Texas, 501.

Error is assigned on the refusal of the court to give a number of special charges asked by defendant, one of which is as follows: "It was the duty of plaintiff's wife to look for an approaching train when about to go upon the railroad; and if her view was in any way obstructed while approaching said crossing, it was her duty to look for a train as soon as she had reached a point where she passed such obstructions and a view of the track was open to her; and if you believe from the evidence that she failed to look for. a train as soon as she could have seen the same, and that a failure to do so was a failure to exercise such care as a reasonably prudent person would have used under the circumstances, and that such failure contributed to the injuries received, you will find for the defendant."

This charge instructs that it was her duty to do certain things, which is equivalent to declaring, as a matter of law, that failure to do so would have been negligence, and was correctly refused. Railway v. Lee, 70 Texas, 501; Railway v. Anderson, 76 Texas, 251.

The latter part of the charge, reading, "if you believe from the evidence," etc., states a correct principle of law, and should have been

given, if asked alone. It left to the jury the question as to whether, upon the whole evidence, she failed to look, and whether, under all the circumstances, such failure was negligence.

We are of the opinion, that a party is entitled to have the law applied to the facts of his case, provided he requests a special charge which does not invade the province of the jury, by declaring, or intimating to them, the court's opinion as to the legal effect of the evidence.

The charge of the court in general terms instructed the jury, that if they believed from the evidence that plaintiff's wife failed to use such care as a reasonably prudent person would have used under like circumstances to prevent injury to herself, and that such failure contributed to or caused her injuries, they should find for defendant.

The charge being a correct general presentation of the issue, the court was not bound to reform defendant's special charge above, but correctly refused it as presented.

Error is assigned on the refusal of the court to permit defendant to show by certain witnesses, "that Mrs. Shieder and Mrs. Younger passed over and about the crossing in question frequently, the same being the crossing at the place where the accident occurred, and that they knew, or ought to have known, that trains passed such point frequently and at rapid rates," and sought thereby to charge plaintiff's wife with notice of such facts.

We understand, that the purpose of the proposed proof was to charge Mrs. Shieder with notice of the fact that trains frequently passed the crossing at rapid rates of speed, in order that the jury might weigh her knowledge of such fact, together with other circumstances, in determining whether she acted as a reasonably prudent person would have acted under like circumstances in going upon the track. The proof offered is of a very indefinite and uncertain character. It does not show during what period the ladies frequently passed the crossing, nor that the trains did in fact frequently run there at rapid rates during such a time that they would have probably learned that such was the custom. The only testimony that the trains ran at great rate of speed is what can be gathered from that of the witness Meadows, who said, that he did not know whether he ever saw a train cross those streets as fast as the engine causing the injury, and continued, "My opinion is, that they run pretty fast over the yard there all the time." Whether the time they, in his opinion, ran pretty fast embraced a period anterior to the accident, or during the time it was sought to be shown that the ladies were in the habit of passing, does not appear. In fact, the whole record shows that defendant did not make any effort to show rapid speed for the trains, but the contrary. If the evidence had shown, that at a time prior to the accident the trains frequently passed there rapidly, and that while so passing the ladies often passed the crossing, so as to allow the jury to infer their knowledge of the fact, we are of the opinion that the evidence should have been ad-

mitted. We can not say, as a matter of law, that it was negligent to run the cars at a rapid rate at that point, and hence the question discussed by counsel, as to whether Mrs. Shieder was bound to anticipate the negligent running of the cars on the particular day, from such previous custom, is not before us.

We do not think there was any error in excluding the evidence, under the circumstances. The testimony shows, that Mrs. Shieder lived near and within view of the crossing, for her son saw the collision from her home. From these circumstances, the jury might as well have inferred her knowledge of the way the cars were accustomed to run, as from the indefinite proof offered. It does not appear that any injury resulted from the exclusion of the evidence, even if it were held that it was properly presented.

There are many other assignments of error, none of which we consider well taken. The judgment is affirmed.

*Affirmed.*

Delivered April 8, 1895.