HUGH SMITH v. GULF, BEAUMONT & GREAT NORTHERN RAILWAY COMPANY ET AL.

Decided May 21, 1910.

**1.—Personal Injuries—Flagging Railroad Train—Pleading—Contributory Negligence.**

In a suit for damages for personal injuries received by a minor 17 years of age and caused by being struck by a locomotive while attempting to flag a train at night, petition considered, and held to show such contributory negligence on the part of the minor as rendered the same subject to general demurrer.

**2.—Same—Contributory Negligence—Avoidance.**

Under the rule that when the allegations of a petition show a prima facie case of contributory negligence on the part of the plaintiff in a case of personal injuries, it devolves on the pleader to explain and avoid the apparent negligence, petition considered in a case of injuries received by a minor while standing on a railroad track attempting to flag an approaching train, and held subject to general demurrer.

Appeal from the District Court of Shelby County. Tried below before Hon. James I. Perkins.

*S. W. Blount,* for appellant.

*Terry, Cavin & Mills* and *F. J. Duff,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—Hugh Smith brought this suit for himself and as next friend for his minor son, Samford Smith, against the Gulf, Beaumont & Great Northern Railway Company and the Gulf, Colorado & Santa Fe Railway Company to recover damages for personal injuries sustained by the minor, and for damages accruing to the father for the loss of the services of the son. A general demurrer urged by defendants to plaintiff's petition was sustained by the court, and, upon plaintiff declining to amend, a judgment was entered dismissing his suit, and from that judgment this appeal has been prosecuted.

The petition, after certain formal allegations not necessary to be set out, contained the following:

"That on said lines of road there was a station for receiving and discharging passengers at the town of Center and another station in said Shelby County, called Clark's Switch, about five miles from the said town of Center, used and designated as a station or place for receiving and discharging passengers, said Clark's Switch being denominated and used by said railway companies as a flag station, where the passenger trains of said companies only stopped when they had passengers to deliver or discharge there, or when flagged by persons at said station who desired to take passage on said trains when passing. The flagging of said train in the day time, consisting in the notice of the engineer operating same of the desire to become a passenger on same by waving a handkerchief or other object from said point, at the engineer on the approaching train, and thus attracting his attention and notice, and consisted in the night time, of waving a lantern or other light of any character, to the engineer so operating said train, from the track where said passengers usually got on and off said trains at said station, and thus notifying the said engineer of the said train of the desire of the party so using light, to take passage on said train as a passenger thereon, said notice being commonly made in the night time by striking matches at such place, and waving or exposing said lighted matches where the said engineer could easily see the same, and such signal or notice so made being commonly observed by the said engineer of said company and said trains duly stopped in compliance of said signals, and such person so signaling taken on said train as a passenger, there being no station house or station agent at said station, and no tickets there sold, the person so signaling would become a passenger and pay to the conductor of said train the price of the journey he desired to make on said train.

"That this state of facts with reference to the operation of said trains and the signaling same, and being passengers thereon existed on the 5th day of April, 1907.

"That on said day and date the said minor, Samford Smith, became a passenger in the morning from Center station to said Clark's Switch, and was duly discharged from said train at said flag station. The minor desiring to return to Center in the evening of said day on the passenger train on said road, regularly operated and going direct to Center, which said train passed said flag station just after dark-

ness set in according to the railroad's schedule time, and having the necessary money in his possession to pay his proper and legal railroad fare to Center, and intending to do so as soon as he entered the passenger coaches constituting said train, went upon the track of said road and hearing said passenger train coming and seeing the headlight of same in the distance down the straight track of said road, and not having a lantern with which to signal the engineer, resorted to the plan of signaling commonly used and recognized by said roads and their officers in charge of the engines, and while the train was yet some several hundred yards distant, coming towards him, struck and thus lighted such matches, one after the other, and waved and held the ignited and burning matches in front of him so the engineer of said train operating same could see and know that said minor wished to become a passenger on said train, said engine of said train, during said time, being in such position that there was nothing to obstruct the view of the said engineer or prevent him from seeing him, said minor, and the waving matches so ignited and handled, as above stated by him.

"That said minor fully expected said train to slow down and stop at said station, and said engineer to see him and observe his said signals to stop, and remained on said track with the expectation that said train in preparing to stop, would, as was customary and necessary, run said train slowly up to said station and bring same to a stop, and that in so slowly approaching, the said minor would have ample time to get off said track and get on said train when same had stopped. But that the engineer of said train carelessly and negligently either failed to see such signals, or having seen same, wantonly and negligently failed and refused to recognize or heed same as he was in the law bound to do under the rules and customs of said company, and failed to see plaintiff minor by neglecting to keep a proper lookout, or, seeing him and knowing his peril, carelessly and negligently run said train at great speed, not intending to stop same at said station, and said rapid approach of said train being unlooked for, and unusual, and unexpected, and being at the same time unknown to said minor, because of his being immediately in front of the brilliant electric headlight of said engine and totally blinded by same, so he could form no correct idea of the near approach of said train, said minor became so terrified by the rapid approach of said train and blinding glare of said electric headlight that he was incapable of recognizing how near said train was to him, and being thus so terrified failed to get off said track before said engine of said train struck him; and said minor was without fault of his run down by said engine and violently hurled by same against the ground and knocked senseless, and rendered unconscious for many hours."

Appellant's only assignment of error is addressed to the action of the court in sustaining the appellees' general demurrer. He urges that the facts stated in his petition clearly present a question of negligence on the part of appellees, as well as a question of contributory negligence on the part of his minor son, which facts he was entitled to have submitted to and passed upon by a jury, and that the judgment of the court sustaining the demurrer was not justified by law.

The assignment cannot be sustained. Assuming that the minor, who at the time of his injury was 17 years of age, was possessed of ordinary intelligence—and there is nothing in the petition to indicate that he was not—he knew when he went upon the railroad track in front of the approaching train that he was placing himself in a place of danger, where he would inevitably be hurt unless the train stopped before it reached him, or unless he moved from the track before then; and so knowing, according to the allegations of the petition, he remained on the track until the train, which was several hundred yards from him when he began to signal, and which he knew was approaching and must of necessity run on the track upon which he was standing, reached and struck him.

The legal effect of allegations of the petition thus far referred to is such, we think, as to establish, *prima facie,* negligence on the part of the minor as a matter of law. It then became incumbent upon appellant to allege such other facts as were sufficient to rebut the legal presumption thus arising. Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 162. This the appellant attempted to do by alleging that the minor, expecting the train to slow down and stop at the station, and expecting the engineer to observe his signals to stop, remained upon the track, thinking that the train, in preparing to stop, would, as was customary and necessary, run slowly up to the station, and that in so slowly approaching, the minor would have ample time to get off the track; that the rapid approach of the train being unusual and unexpected and being unknown to the minor because of his being in front of and blinded by the brilliant electric headlight, he could form no correct idea of the near approach of the train, and that he became so terrified by the rapid approach of the train and the blinding glare of the headlight that he was incapable of recognizing how near said train was to him, and being thus so terrified failed to get off the track until struck by the locomotive.

Do these allegations rebut the presumption of contributory negligence arising from the allegations above referred to? We think not. No explanation is given or necessity stated for his standing on the track to give the signals. Granting that he expected the engineer to see the signals and in obedience thereto reduce the speed of the train and finally bring it to a stop at the station, this did not justify the minor in remaining upon the track even had he shown a necessity for going upon the track to give the signals. He could not speculate upon whether the train would come to a stop before it reached the place where he was, and take the chances of not being struck and injured in case his signals were not seen, or if seen should not be heeded. And granting that he was so blinded by the glare of the headlight that he could not tell how near the train was, and that being terrified by the headlight's glare and by the rapid approach of the train, he failed to get off the track, the presumption of negligence arising from his failure to leave the track when he knew that the train was approaching rapidly, is not rebutted by the allegations of terror arising from a situation in which he voluntarily and unnecessarily placed himself, and in which he remained until the conditions arose which he alleged resulted in his inability to get off the track. Such conduct was so

opposed to the dictates of common prudence that reasonable minds cannot differ as to the question of his negligence in not moving from the track under all the circumstances alleged.   Having, according to the allegations of the petition, thoughtlessly exposed himself to a danger from which he suffered and which he could easily have foreseen and avoided, it is no excuse to say that from conditions arising, not from the negligence of defendants, but from the terror due to his negligence in being and remaining upon the track, combined with the rapid approach of the train and the blinding effect of the headlight, rendered him unable to extricate himself from his dangerous situation. Texas & N. O. Ry. Co. v. McDonald, 99 Texas, 207.

The facts in the case of Gulf, C. & S. F. Ry. Co. v. Wagley, 15 Texas Civ. App., 308, (40 S. W., 538), relied upon by appellant, are so different from the facts in this case as to render the reasoning there given for the affirmance of the judgment of the lower court of but little value as authority for the reversal of the judgment here appealed from.

We think that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*