WESTERN UNION TELEGRAPH CO. v. CONDER.

(Court of Civil Appeals of Texas. Austin. May 17, 1911. Rehearing Denied June 14, 1911.)

1. TELEGRAPHS AND TELEPHONES (§ 65*) — MESSAGES — DELIVERY — NEGLIGENCE — PLEADING.

In an action against a telegraph company for negligent delivery of a message announcing the serious illness of the mother of plaintiff's wife, a petition alleging that defendant was a telegraph company in the business of transmitting messages for hire, that it was paid 25 cents for the transmission of the message, and that the money and message were accepted by it and the message thereafter sent to destination by defendant company, sufficiently alleged the making of the contract with defendant for the transmission and delivery of the message.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

2. TRIAL (§ 252*) — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where there was no evidence that the addressee of a telegram did not live within the free delivery limits of the city to which the message was directed, the court did not err in refusing to charge that if she did not live within such limits, and the message could not have been delivered to her therein, the jury should find for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

3. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Where the facts and circumstances appearing from plaintiff's evidence excused any acts, also appearing therefrom, from which contributory negligence might be inferred, the burden of proving contributory negligence continued to rest on defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 229–234; Dec. Dig. § 122.*]

4. TELEGRAPHS AND TELEPHONES (§ 66*) — MESSAGES—DELAY— CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In an action for injuries to plaintiff's wife by defendant's alleged negligence in delaying the delivery of a message announcing the serious illness of the wife's mother, by reason of which the wife was unable to attend her mother's funeral, the court properly placed the burden of showing that plaintiff was negligent in not answering the message when delivered on defendant.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 61; Dec. Dig. § 66.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by H. Conder against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Arch Grinnan and Geo. H. Fearons, for appellant. Woodward & Baker and Walter C. Woodward, for appellee.

RICE, J. Appellee brought this suit to recover damages sustained by his wife on account of the failure of appellant to promptly deliver a telegram announcing the serious illness of her mother, whereby she was prevented from being present at her funeral. The telegram was sent on the 23d of November, 1909, from Leonard, Tex., addressed to Mrs. H. Conder, Coleman, Tex., reading: "Grandma Hurd very low. Answer quick if you are coming. [Signed] W. A. Owens." This telegram reached Coleman on the same day it was sent about 11 o'clock a. m., and although the testimony shows that appellee was well known in Coleman, and that his business place was within a few hundred yards of the office of appellant company, said message was not delivered to his wife until the next day about 11 o'clock. It further appears that, if the telegram had been delivered on the day it was received, plaintiff's wife could and would have reached her mother in time to have attended her funeral, and the evidence warrants the conclusion that appellant was negligent in failing to deliver said telegram upon receipt of same. There was a jury trial, resulting in a verdict and judgment in favor of appellee, from which this appeal is prosecuted.

[1] The first error assigned complains of the action of the court in overruling appellant's special demurrer addressed to the petition, asserting that the same is insufficient, in that it failed to allege with certainty that defendant had entered into a contract with plaintiff for the transmission of said message. While the petition fails to expressly allege that the defendant contracted with plaintiff to transmit the message, yet we think that it sets out sufficient facts to show

a contract or obligation on the part of defendant to transmit and deliver it. It is alleged that defendant was a telegraph company, in the business of transmitting telegraphic messages for hire; that it was paid the sum of 25 cents for the transmission of said message; and that said money and message were accepted by it, and the latter thereafter sent by said company from Leonard to Coleman, Tex. These facts were equivalent to alleging that the defendant thereby contracted and obligated itself to deliver said message, for which reason we overrule this assignment.

By the second assignment it is urged that there is neither allegation nor proof that plaintiff's wife could and would have reached Leonard, Tex., and have been present at her mother's funeral, had the message been promptly delivered. An examination of the record discloses that appellant is mistaken in this respect. It is both alleged and affirmatively shown on the part of appellee that his wife could and would have attended her mother's funeral if the telegram had been promptly delivered. The assignment is therefore overruled.

[2] The court properly refused to give appellant's special charge to the effect that if the jury believed that Mrs. Conder did not live within the free delivery limits, and said message could not have been delivered to her in said limits, to find for defendant, for the reason that there was no evidence in the record showing that she lived outside of the free delivery limits. Among other defenses alleged by appellant was that Mrs. Conder did not live within the free delivery limits; but no proof was offered showing that she lived outside of said limits, and, the burden being upon appellant to show this, it was not error on the part of the court to refuse the special charge presenting this question.

[3] Among other things the court charged the jury that if plaintiff's wife, after receiving said telegram, did not use ordinary care to answer the same, and that her failure to so answer contributed to her failure to attend her mother's funeral, and to her mental suffering, if any, then in that event it would be their duty to find for the defendant, but that upon this issue the burden of proof rested upon the defendant to establish the want of due care on the part of plaintiff's wife, if any, in failing to answer said telegram. This is assigned as error by appellant on the ground, as shown by its proposition, that, since the evidence of plaintiff showed contributory negligence on the part of his wife, the burden was upon him to show facts excusing the same; hence it was error to charge that the burden rested upon the defendant. The general rule is that a defendant must allege and show contributory negligence. If, however, the evidence showing contributory negligence comes wholly from the plaintiff, the rule would not apply; but where the facts and circumstances likewise appearing from plaintiff's evidence excuse the same, then we think the burden does not shift, but remains with the defendant, and, as in the present case the acts relied upon as showing contributory negligence were amply excused and explained in the testimony of plaintiff's wife, we overrule the objection.

[4] Again, appellant by its second proposition presents the contention that the court improperly placed the burden on defendant to show that plaintiff was guilty of contributory negligence in not answering the message informing her of the illness of her mother. This issue, we think, was clearly submitted in the court's charge, and the burden properly placed upon the defendant. It is said in Gulf, Colorado & Santa Fé Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538, that the great weight of authority, as well as the reason of the law, is in favor of the rule imposing the burden of proof upon the defendant to establish the plaintiff's contributory negligence, and that there are only two exceptions to said rule, neither of which, we think, applies in this case. Hence we overrule appellant's contention in this respect.

We do not think there is any merit in the remaining assignments. Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.