## NEDLER v. NEECE LUMBER CO. et al.
### No. 1380.

Court of Civil Appeals of Texas. Waco.

Sept. 21, 1933.

Mike E. Smith and Sol Gordon, both of Fort Worth, for plaintiff in error.

L. W. Shepperd, of Groesbeck, W. M. White, of Mexia, and C. S. Bradley (in trial court only), of Groesbeck, for defendant in error.

STANFORD, Justice.

That on or about the 1st day of June, 1927, plaintiff, doing business under the trade-name of the Boston Store, made and entered into a written lease contract with the defendants, R. L. Dillard and wife, Ruth Dillard, by the terms of which the plaintiff rented and leased from the defendants, R. L. Dillard and Ruth Dillard, a certain one-story brick building situated on a lot in Mexia, Limestone county, Tex., said building to be used by the plaintiff for the conduct of a mercantile business; that on or about the 28th day of February, 1928, the above-described building was partially destroyed by fire, rendering same unfit and inadequate for use as a place in which to conduct a mercantile business; that on or about March 15, 1928, after said building was partially destroyed by fire, defendants R. L. Dillard and Ruth Dillard made and entered into a contract with defendants Neece Lumber Company of Mexia to reconstruct and repair said building above described, so that the same would be suitable and safe in which to conduct and carry on said mercantile business; that defendants, Neece Lumber Company, did reconstruct and repair said building and plaintiff did carry on and conduct a mercantile business in same, to wit, a general dry goods store, known as the Boston Store.

As shown by the record, appellant sued appellees, Dillard and wife, on said lease contract, attaching a copy of same to his petition and alleging same was not properly reconstructed, by reason of which the building fell, etc., and also sued the Neece Lumber Company on a tort for being wrongfully deprived of the use of said building. Upon a plea in abatement being interposed, appellant elected to dismiss as to the Dillards and prosecute his cause of action against appellee Neece Lumber Company. Appellees then presented and insisted upon their general demurrer. The court sustained appellees' general demurrer, whereupon the court, at the request of appellant, did not dismiss the case, but continued the same and gave appellant leave to amend. When the case was reached on regular call at a subsequent term of the court, no amendment having been filed, and appellant not being present to prosecute the same, at the request of appellees' counsel the case was stricken from the docket, as shown by the order copied in appellant's brief on page 6 thereof.

Appellant sued out a writ of error and presents the appeal on one assignment of error, which is leveled at the action of the court in sustaining appellees' general demurrer.

■ Plaintiff failing to be present without excuse when this case was reached at a regular call, the court did not err in striking the case from the docket for want of prosecution. The court's order striking the case from the docket is, in effect, a dismissal for want of prosecution. Regardless of the correctness or incorrectness of the court's action in sustaining the defendant's general demurrer, the court's action in dismissing or striking the case from the docket was justified because of plaintiff's unexcused absence when the same was called for trial. That the court may take such action in his discretion is sustained by many Texas cases, and also cases in other jurisdictions.

■■ After the completion and acceptance of a building, the liability of the builder for accidents caused by defective construction ceases and the liability attaches to the owner, whether the damages are attributable to his own negligence or to the negligence of the builder. Appellant's pleadings show that he had the building, which collapsed, leased from Dillard and wife under a written lease, a copy of which was attached to his petition; that the building was damaged by fire and the Dillards, contracted with appellee Neece Lumber Company to repair and rebuild the same; that he, appellant, again occupied the building, thus showing by his pleadings that appellees were only contractors and had no other interest. Canal Const. Co. v. Clem, 163 Ark. 416, 260 S. W. 442, 41 A. L. R. 4; Bogoratt v. Pratt & Whitney Aircraft Co., 114 Conn. 126, 157 A. 860, 866; Howard v. Redden, 93 Conn. 604, 107 A. 509, 7 A. L. R. 198; 41 A. L. R. 25; 14 R. C. L. 107, par. 42.

In the first case above cited the court said: "As a general rule an independent contractor is not liable for injuries to a third person occurring after the contractor has completed the work and turned it over to the owner and the same has been accepted by him, though the injury resulted from contractor's failure to properly carry out his contract."

In the second case above cited the court said: "Even if the evidence were such as to render the issue of the Livingston Company's negligence a jury question, there would come into conclusive operation the well-established rule that where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract."

Texas Jurisprudence, vol. 23, p. 578, § 30, recites: "It has been said to be a settled rule that an independent contractor is not liable for an injury suffered by a third person after completion of the contract, even though the

injury resulted from his failure to do the work properly. The employer is substituted as the responsible party for existing defects. To this rule there are, however, certain limitations."

See notes under the above-cited section.

The judgment of the trial court is in all things affirmed.