## JONES v. BECK.

### No. 10124.

Court of Civil Appeals of Texas. San Antonio.

Oct. 13, 1937.

Rehearing Denied Nov. 10, 1937.

Eskridge & Groce, Russell Talbott, and Hull & Oliver, all of San Antonio, for appellant.

L. L. Smith, of Dallas, and Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellee.

MURRAY, Justice.

Appellant, V. L. Jones, instituted this suit in the district court of Bexar county against A. H. Beck, trading under the name of A. H. Beck & Co., seeking to recover for alleged injuries sustained by appellant when he fell into an excavation 8 feet square and 25 feet deep, made by A. H. Beck.

The trial court sustained a general demurrer to appellant's first amended original petition. Appellant declined to amend, and thereupon the trial court dismissed the cause, from which action of the trial court this appeal is prosecuted.

The pertinent portions of appellant's first amended original petition read as follows:

"I That heretofore on the 29th day of October, 1930, plaintiff was employed as a carpenter by Elmer Sigler & Company and was working on the construction of a building now known as the Thomas Jefferson High School in the City of San Antonio. The nature of such work was to erect concrete forms in holes dug by the defendant, A. H. Beck & Company, who were subcontracors doing the excavating work on said job. That A. H. Beck & Company had excavated a large hole on the south side of what was to be the Thomas Jefferson High School such hole being approximately 8 ft. square and 25 ft. deep. That it was the duty of the defendant to excavate said hole, remove the dirt therefrom so as to allow the employees of Elmer Sigler & Company to erect the concrete forms and to allow the concrete to be poured into the forms and thereafter it was the duty of the defendant to backfill on the forms and replace the dirt in and around the concrete. That the defendant was the only excavating contractor on the job and he alone was responsible for the proper handling of the dirt and the defendant was familiar with the fact that other employees were required to work in and around the holes excavated by said A. H. Beck & Company.

"II That ordinary prudence and safety dictated that the dirt excavated from the holes should be placed at least ten feet back from the holes after it had been removed from the holes so that other workmen working around the holes would have sufficient room to work in safety without danger of falling on loose dirt or clods. That the defendant negligently failed to move the dirt back from the hole a sufficient distance and as a result of the negligence of the defendant the plaintiff was severely injured, the negligence of the defendant being as follows: (1) In placing loose dirt too close to the hole; (2) in leaving the loose dirt too close to the hole; (3) in not moving the loose dirt away from the hole; (4) in creating a dangerous and hazardous condition for other workmen working in and around said hole by leaving loose dirt right next to the hole and in not moving the dirt back a sufficient distance to give this plaintiff and other workmen room to do their work in safety; each and all of the foregoing acts of negligence were separate acts of negligence which proximately caused the accident in question.

"III That the plaintiff was required to work around said hole to erect concrete forms and in doing such work, because of the negligence of the defendant as aforesaid, plaintiff, V. L. Jones slipped and fell into such hole and sustained the following injuries, to-wit. * * *"

■ It appears from the petition itself that appellant, Jones, was not an employee of appellee, Beck, therefore there was no relation of master and servant. It is further apparent that appellee, Beck, was not in charge of the premises, did not own the premises, and it was not Beck's duty to furnish Jones a safe place to work.

It appears from the above petition that there was a general contractor erecting what is known as the Thomas Jefferson School; that Beck was a subcontractor, whose duty it was to make excavations; that Elmer Sigler & Co., by whom appellant, Jones, was employed as a carpenter, was also a subcontractor, whose duty it was to erect concrete forms in the excavations made by appellee; and that it was the further duty of appellee to backfill said excavations around the concrete after appellant's employer had erected the forms and after the concrete had been poured into the forms.

There is no allegation that appellant did not know that the excavation had been made, nor that he did not know or could not see that loose dirt had been left too close to the edge of the excavation.

■ The petition further shows that the excavation had been completed and accepted and the construction of concrete forms therein had been begun. The petition alleges that ordinary prudence and safety dictated that the dirt excavated from the holes should be placed at least 10 feet back from the holes after it had been removed from the holes so that other workmen working around the holes would have sufficient room to work in safety without danger of falling on loose dirt or clods. It occurs to us that the same ordinary prudence and safety would dictate that other workmen refuse to attempt to build concrete forms in these excavations until such loose dirt had been removed from near the edge of the excavation. There is no allegation that the loose dirt was a hidden defect or entrapment for the workmen. It was no doubt equally known and obvious to all. Davis v. Phillips Petroleum Company et al. (Tex.Civ. App.) 72 S.W.(2d) 673; Beeville Cotton Oil Co. v. Bell (Tex.Civ.App.) 84 S.W. (2d) 575; Stamford Oil-Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A. (N.S.) 1218, Ann.Cas.1913A, 111; Smith v. Humphreyville, 47 Tex.Civ.App. 140, 104 S.W. 495; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L. R.A. 538; Smith v. Gulf, B. & G. N. Ry. Co. et al., 61 Tex.Civ.App. 225, 128 S.W. 1177.

■ If it be true that leaving the dirt near the edge of the excavation was negligence, likewise, for workmen, with knowledge of all the facts, to attempt to work near the edge of such hole where the loose dirt was left would be contributory negligence. Furthermore, the excavation having been accepted and the construction of the concrete forms having been commenced by another subcontractor, the liability of Beck for the negligent manner in which he had done his work, in the absence of hidden defects, would cease. 23 Tex.Jur. 578, § 30; 14 R.C.L. 107, § 42; Werner et al. v. Trout et ux. (Tex.Civ.App.) 2 S.W.(2d) 525; Nedler v. Neece Lumber Co. (Tex.Civ. App.) 63 S.W.(2d) 403; Memphis Asphalt & Paving Co. v. Fleming, 96 Ark. 442, 132 S.W. 222, Ann.Cas.1912B, 709; Texas Law

Review, Vol. 12, p. 373; Galbraith v. Illinois Steel Co. (C.C.A.) 133 F. 485, 2 L.R.A.(N.S.) 799.

We are of the opinion that the petition fails to state any cause of action against appellee, Beck, and that the trial judge properly sustained the general demurrer to the petition and dismissed the case upon appellant's refusal to amend.

Accordingly, the judgment of the trial court will be in all things affirmed.