## HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. J. D. LENTZ.

### Decided June 23, 1909.

**1.—Contributory Negligence—Charge.**

Though a charge permitting recovery by plaintiff, without regard to the issue of contributory negligence arising upon facts appearing in the development of the transaction on which plaintiff relies for recovery, be held to present affirmative error, it is otherwise when the issue does not so arise; to ignore such issue in the latter case is a mere omission, not ground for reversal in the absence of request for a charge submitting it. See instructions held not to present affirmative error under this rule.

**2.—Assignment of Error.**

An assignment of error in failing to submit the issue of contributory negligence does not raise the question of error in the charge by omitting an element of fact essential to plaintiff's recovery.

**3.—Negligence—Injury in Coupling Cars.**

Evidence held to support a recovery and an award of $7,500.00 damages in case of a switchman caught between the couplers of an engine and car by the negligence of the engineer.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*James H. Hart, Gregory, Batts & Brooks* and *Baker, Botts, Parker & Garwood,* for appellant.—It was error for the court to so frame its charge as to authorize the jury to return a verdict for the plaintiff, regardless of any finding it might make on said issues relating to the alleged contributory negligence of plaintiff.     Harpold v. Moss, 21 Texas Ct. Rep., 55; Eastham v. Hunter, 98 Texas, 560; Baker v. Ashe, 80 Texas, 357; Texas Southern Ry. Co. v. Long, 35 Texas Civ. App., 339; Willoughby v. Townsend, 18 Texas Civ. App., 726; Reed v. Western U. Tel. Co., 31 Texas Civ. App., 116; Gulf, C. & S. F. Ry. Co. v. Allbright, 26 S. W., 250, 7 Texas Civ. App., 21; Murray v. Railway Co., 78 Texas, 3; Railway Co. v. Crowder, 63 Texas, 502; Railway Co. v. Riordan, 22 S. W., 519; Rule 61, prescribed for District and County Courts.

A charge which instructs the jury to find for a plaintiff, in the event they find certain facts proved, and omits one of the facts essential to a recovery, is erroneous; and such error is not cured by a subsequent instruction stating that the plaintiff can not recover unless the fact omitted in the previous charge be proved.     Baker v. Ashe, 80 Texas, 361; Railway v. Robinson, 73 Texas, 284; Willoughby v. Townsend, 18 Texas Civ. App., 724; Western Union Tel. Co. v. May, 8 Texas Civ. App., 176; Gonzales v. Adoue & Lobitt, 94 Texas, 125; Amy v. Sanders, 5 Texas Civ. App., 314; Lester v. Hays, 14 Texas Civ. App., 643; Taffinder v. Merrill, 18 Texas Civ. App., 644; St. Louis, etc., Ry. Co. v. Terhune, 81 S. W., 75; Burnett v. Lambach, 39 S. W., 1016; Kirby Lumber Co. v. Dickinson, 94 S. W., 156; Dallas, etc., St. Ry. Co. v. McAllester, 41 Texas Civ. App., 131; City of Cleburne v. Gutta Percha, etc., Co., 88 S. W., 301; Texas, etc., R. Co. v. Walsh, 101 S. W., 517; American, etc., Co. v. Brown, 101 S. W., 862.

The act of attempting to make the coupling with his foot, as appellee did, was so opposite to the dictates of common prudence that it may be said, without hesitation or doubt, that no careful person would have done so.     It was negligence per se, and the proximate cause of the injury.     Houston & T. C. Ry. v. Myers, 55 Texas, 117; Matthews v. Missouri, K. & T. Ry., 4 Texas Ct. Rep., 266; International & G. N. Ry. v. De Ollos, 8 Texas Ct. Rep., 211; Elmore v. Seaboard Air Line, 131 N. C., 569; Darracutts v. Railway Co., 82 Va., 288; Karrah v. Railway, 76 Mich., 400; Railway co. v. Pannihill, 89 Va., 552.     The verdict of the jury acquitting the plaintiff of negligence is manifestly against the truth of the case.     Galveston, H. & S. A. Ry. v. Walker, 38 Texas Civ. App., 76; Houston & T. C. Ry. v. Myers, 55 Texas, 117; Gulf, C. & S. F. Ry. v. Wilson, 1 Texas Ct. Rep., 135, 629; Willis v. Lewis, 28 Texas, 185; Dimmitt v. Robbins, 74 Texas, 441; Gulf, C. & S. F. Ry. v. Lovett, 7 Texas Ct. Rep., 721.

The appellee having performed his work in a needlessly dangerous manner, is barred a recovery.     Texas & P. Ry. v. Bradford, 66 Texas, 732; Gulf, C. & S. F. Ry. v. Lovett, 7 Texas Ct. Rep., 721; Moore v. Railway, 12 Am. & Eng. Ry. Cases (N. S.), 580; Welch v. Brainard, 65 N. W., 667.

The defendant was entitled to an affirmative presentation of the facts constituting its defense, with proper directions to the jury, in

the event that the facts were found true.   Gulf, C. & S. F. Ry. v.
Johnson, 98 Texas, 76; Texas & P. Ry. v. McKenzie, 70 S. W., 237,
30 Texas Civ. App., 293; Neville v. Mitchell, 66 S. W., 89.

*James H. Robertson,* for appellee.—Even if it shall be held that the
evidence did present the issue of negligence on the part of appellee,
and that the charge might properly have been more explicit in sub-
mitting the question as to whether or not appellee was guilty of negli-
gence contributing to his injury, still the form of the charge can not
be held to be positive error, but upon that theory at most an omission,
and appellant having failed to ask a charge explaining more fully the
question of negligence, can not now avail of this objection.   Adams
v. San Antonio & A. P. Ry. Co., 70 S. W., 79; Currie v. Gunter, 77
Texas, 490; Railway v. Beard, 68 Texas, 265.

The rule is too well settled to require the citation of authorities
that a proposition or question which is not presented or covered by an
assignment of error will not be considered in this court.   Sickles v.
Missouri, etc., Ry. Co., 13 Texas Civil App., 437; International Light,
etc., Co. v. Maxwell, 65 S. W., 80; Binder v. Peyton, 4 Texas Civ.
App., 57.

KEY, ASSOCIATE JUSTICE.—On the 13th of June, 1907, J. D. Lentz
was in the employ of the Houston & Texas Central Railroad Company
as a switchman, and while attempting to make a coupling of two cars
in the defendant's switch-yard at Austin, Texas, he sustained an in-
jury to one of his feet, to recover damages for which this suit was in-
stituted.

The defendant's answer contained a general demurrer, special ex-
ceptions, a general denial, and a special plea of contributory negli-
gence in several particulars.

There was a jury trial which resulted in a verdict and judgment
for the plaintiff for $7,500, and the defendant has appealed.

The first assignment of error reads as follows:   "The court erred
in its charge to the prejudice of the defendant, in this, viz.:   The de-
fendant pleaded, among other defenses, that the plaintiff was guilty of
negligence which contributed to produce his injuries, in that he failed
to look out for and discover the approach of the engine which injured
him, when he knew, or in the exercise of ordinary care should and
would have known, that it was in close proximity, and was approach-
ing, and in that he failed to remove his foot from its position of dan-
ger before the drawhead of the engine and the freight car which in-
jured plaintiff came in contact.   The evidence was such as to author-
ize a finding in the defendant's favor on each of these issues.   But the
court in its charge not only failed to submit them for the considera-
tion of the jury, but also therein authorized the jury to return a ver-
dict for the plaintiff, regardless of any finding it might make on said
issues."

Among other things the court instructed the jury as follows:

"5.   If the jury find from a preponderance of the evidence that on
the 13th day of June, 1907, while plaintiff J. D. Lentz was employed
by defendant as a switchman in its yards in Austin, Texas, and while

in the discharge of his duties as such switchman, he, with other members of the switching crew to which plaintiff belonged, was directed to couple up and move a car from its position on one of defendant's tracks, and that in attempting to do so while plaintiff was riding on the foot-board of the engine the drawhead of the engine was run against the drawhead of the car to make the coupling, but that the drawhead of the car was out of line, and when struck by the drawhead of the engine failed to make the coupling, and that the car upon being struck rolled a few feet away from the foot-board of the engine; and if you further find that it was plaintiff's duty to so adjust the said drawhead that the coupling could be made; and that he stepped off of the foot-board of the engine to the ground, and that he gave the engineer operating the said engine a signal to stop the engine, and that the said signal, if any, required the engineer to stop the engine, and plaintiff understood that the engineer saw and would obey the signal to stop the engine, and that plaintiff walked in front of the engine to the end of the car for the purpose of adjusting the drawhead of the car, so that the coupling could be made, and that in his efforts to properly adjust the said drawhead the plaintiff put his foot upon same in order to move it into proper position with his foot; and if you further find that in placing his foot in said position plaintiff was not guilty of negligence, and if you further find that the defendant's said engineer in charge of said engine, in disregard of the signal to stop the engine, if you find that plaintiff gave such signal, and without the knowledge of or warning to plaintiff, ran the drawhead of the engine against the drawhead of the said car, catching plaintiff's foot between the said two drawheads, and injuring the same in the manner as described in plaintiff's petition; and if you further find that said engineer was guilty of negligence in moving said engine and bringing the drawhead thereof into contact with the drawhead of said car while plaintiff's foot was in said position, if you find he did so, and that such negligence, if you find there was any, was the direct and proximate cause of plaintiff's injury, if you find he was injured, then you will find a verdict for plaintiff, unless you find for the defendant under the following or other instructions which may be given you.

"6.    But, on the other hand, if the jury find from a preponderance of the evidence that, in order to effect the coupling between the said car and the said engine, plaintiff placed himself upon the foot-board of the engine and signaled the engineer to move the engine toward the said car, and that while on said foot-board of said moving engine, and as the drawhead of said engine approached and was near the drawhead of said car, that plaintiff thrust out his foot and attempted to shove the drawhead of said car into such position that the coupling would be effected when the drawhead of the engine came into contact with the drawhead of the car, and that the drawhead of the engine came into contact with the drawhead of said car and caught plaintiff's foot between the two said drawheads, causing injury thereto, then you will find for the defendant."

Appellant did not request any special charge relating to any phase of contributory negligence not covered by the court's charge, and relies for a reversal upon the doctrine announced and applied in Rail-

way Co. v. Albright, 26 S. W., 251, where it was held that when the facts raising the issue of contributory negligence spring from the development of the transaction on which the plaintiff relies for recovery, the burden rests upon him to show that he was not guilty of contributory negligence; and that, in such a case, an instruction to the jury authorizing a recovery without finding in the plaintiff's favor on the issue of contributory negligence, is misleading and erroneous. If the doctrine in the Albright case has any application to this case it does not extend beyond the question of contributory negligence covered by the fifth paragraph of the court's charge, wherein, as a prerequisite to a verdict for the plaintiff, the jury were instructed that they must find that he was not guilty of contributory negligence in placing his foot upon the drawhead.

The other issues of contributory negligence did not necessarily arise out of the development of the plaintiff's case, and it was not error, in the absence of a requested instruction, to fail to submit such issues to the jury. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152.

The second proposition under the first assignment of error, to the effect that the court's charge was erroneous for the reason that it authorized a recovery for the plaintiff upon a certain state of facts and omitted one essential fact set up in the plaintiff's petition, is not germane to the assignment, which relates to the failure to submit to the jury certain issues of contributory negligence, and for that reason the question sought to be raised by the second proposition will not be decided.

What has been said in reference to the first assignment is applicable to and disposes of the second assignment, which presents a similar question.

Some other objections are urged to the court's charge and to the refusal of requested instructions, all of which have been considered, found to be without merit, and are overruled.

We also overrule the assignments which complain of the action of the trial court in overruling exceptions to the plaintiff's petition.

There are several assignments which assail the verdict of the jury, the contentions being: (1) insufficient proof of negligence on the part of appellant; (2) proof of contributory negligence on the part of appellee, and (3) that the amount of damages awarded are grossly excessive. All of these assignments are overruled. There is evidence in the record which supports the verdict, and we therefore find as conclusions of fact, first, that appellant was guilty of negligence as charged in appellee's petition; second, that appellee was not guilty of contributory negligence, and third, that as a result of appellant's negligence appellee sustained actual damage to the extent awarded by the verdict.

No reversible error has been pointed out and the judgment is affirmed.

*Affirmed.*

Writ of error refused.