## TEXAS TRUNK RAILWAY COMPANY v. SAM AYRES.

### No. 3125.

1. **Charge—Permanent Injury.**—On trial of suit for damages for personal injuries to plaintiff caused by negligence, etc., of the defendant railway company, it being in issue whether injuries proved were permanent, and the court having charged the jury to give damages for permanent injuries if found to be such, when requested by the defendant should have instructed further, that unless the injuries were shown to be permanent damages should be disallowed to the extent of the claim for permanent injuries.

2. **Declarations as to Bodily Pain, etc.** — Statements by an injured person made to his physician as to his feelings of pain and the like, made after the act causing the injury, are competent as a basis for the opinion of the physician upon the physical condition of the injured party.

3. **Incompetent Evidence—Repairs by Railway Company.**— It is not competent to admit evidence that a railway company had repaired its track at the place of an alleged injury and subsequent to such injury, in evidence of negligence on part of the road in regard to the track at the time and place of the injury.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*Fitzhugh & Wozencraft* and *Bassett & Muse,* for appellant.—1. The court erred in refusing to instruct the jury to disallow plaintiff's claim for alleged permanent injuries unless the evidence showed that his injuries were permanent.

2. Dr. Thurston's opinion as to the nature and extent of the plaintiff's injuries, formed without an examination and based on the plaintiff's statement made long after the accident and for the purpose of being used on the trial, was incompetent and irrelevant. Rogers v. Crain, 30 Texas, 286, 287; Bacon v. Inhabitants of Charlestown, 7 Cush., 586.

3. The court erred in permitting the plaintiff to state his opinion and inferences as to the condition of the track at the place of the accident, based upon his examination thereof long after the alleged accident. Railway v. Eubanks, 3 Am. Rep., 245; Lidekum v. Railway, 3 Am. Rep., 547.

4.   The court erred in not confining the plaintiff's testimony to the condition of the railway track at the time and place of the accident.

*Word & Reeves* and *Robertson & Coke,* for appellee, cited Railway v. Gilbert, 64 Texas, 536; Newman v. Dodson, 61 Texas, 95; Rogers v. Crain, 30 Texas, 285, 286.

MARR, Judge, *Section A.*—The appellee, Sam Ayres, brought this suit to recover damages on account of personal injuries received by him while a passenger of the defendant upon its cars.   The injuries are alleged to have resulted from the derailment of the coach in which the plaintiff was riding at the time, and the derailing of the car is charged by the plaintiff to defects in the roadbed and cars of the defendant, as well as to the incompetency and negligence of its servants who were in charge of the train.   A verdict and judgment were rendered in favor of the plaintiff for $1000 as actual damages, and the defendant appealed.

The plaintiff claimed damages for mental and physical suffering, and also for the permanent injury to his neck and shoulder.   His neck is alleged to have been "wrenched and its use permanently impaired." There was evidence sufficient to support these allegations; but, on the other hand, the defendant offered testimony, both direct and circumstantial, which tended directly to disprove the plaintiff's claim that any of the injuries were of a permanent character.

The defendant requested the following charge, which was refused: "Should you find for the plaintiff, you are instructed that he can only recover for such injuries as the proof shows affirmatively that he has sustained as a direct result of the negligence of the defendant, and unless it is shown affirmatively by a fair preponderance of the evidence that the plaintiff's injuries are of a permanent character, you will disallow his claim for injuries of that character." .

The refusal of the court to allow this instruction is assigned as error. The court in its general charge had instructed the jury on this point to the following effect:   That if they believed from the evidence "the plaintiff sustained the injuries complained of by him, and that the accident occurred by reason of the fact that the defendant's roadbed or track at the place of the accident was not in good and safe condition, * * *   then the plaintiff would be entitled to recover compensation for the actual damages he had sustained by reason of such injuries, including physical pain and mental suffering, and you may also consider the probable effect, if any, of such injuries on plaintiff in impairing the proper use of his neck and shoulder."

We are of the opinion that under the facts of this case the court erred in refusing to allow the above special instruction as requested by the defendant.   Had no additional instruction been requested upon

the point, the charge of the court would have perhaps been deemed sufficient; but as the evidence was conflicting, it was the sole province of the jury to determine whether or not the probable effects of the injuries would be to impair the proper or natural use of plaintiff's neck and shoulder in the future, and the defendant was consequently entitled to an *affirmative* presentation by instructions to the jury of the negative side of the question.

Appellant's counsel also present the following assignment of error: "The court erred in permitting the plaintiff's witness Dr. S. D. Thurston to testify as to his opinion as to the nature, character, and extent of plaintiff's injuries, based upon plaintiff's statement made to him long after he received the injuries complained of in said suit, over defendant's objection; because said evidence was incompetent, irrelevant, and no part of the res gestæ as set out in plaintiff's first bill of exceptions."

We need only say of this assignment, that if the declarations of the plaintiff made to his physician concerning his condition were contemporaneous with pain or suffering upon his part which resulted from the original injuries, then the admission of the doctor's professional opinion, predicated upon such statements, would not be improper; otherwise, such an opinion ought not to be received without further proof as a predicate. The statements of the patient, however, are not required to have been made at the time of the injury, or even so near thereto as to constitute a part of the res gestæ of the first transaction. The rule upon the subject has already been definitely settled by the Supreme Court. Newman v. Dodson, 61 Texas, 95; Rogers v. Crain, 30 Texas, 285. In this case, however, the plaintiff testified to the same facts as those upon which the physician gave his opinion, and also testified that his statements to Dr. Thurston, when examined by him, were true. No error is therefore made to appear in this ruling of the court. Rogers v. Crain, supra.

We will now consider the remaining assignment of error, which is to the following effect: "The court erred in permitting the plaintiff Ayres to testify, over defendant's objection, that two or three weeks after the accident he had returned to the place of its occurrence, and that defendant had repaired the track and fixed it up, but that he did not know that the track had been repaired except as a matter of inference from what he then saw, etc., to all of which evidence the defendant excepted, on the ground that it was irrelevant, incompetent, and impertinent, and calculated to mislead and confuse the jury."

The defendant had introduced a mass of testimony to show that its cars, track, and roadbed were in good condition, and that its train was controlled by competent operatives and run at a reasonable rate of speed at the time of the injury, in order to rebut the presumption of negligence arising from the facts that the car was derailed and the plaintiff

injured. Railway v. Smith, 74 Texas, 276. We do not hold that the defendant succeeded in doing this, but are simply stating the issue to be decided by the jury under the allegations and proof. The only evidence offered by the plaintiff to prove negligence upon the part of the defendant in any of the particulars charged in the petition is that which is referred to and summarized in the above assignment. The witness gave the details of his observations from which he drew the inference. We think that the court erred in admitting this evidence over the objection of defendant, under the rule of law announced by the Supreme Court upon this subject. It has been more than once held in this State, that it is not competent to admit that character of proof as evidence of a confession or an admission of negligence against the defendant, in controversies like the present. These decisions base the rule upon considerations of public policy, as likely to deter the defendant from repairing the defects in its machinery and appliances, etc., after an injury is charged to such defects, if it must do so at its peril, knowing that the reparations or improvements will be considered as an admission of guilt or negligence. Railway v. McGowan, 73 Texas, 355; Railway v. Hennessey, 75 Texas, 156; Alcorn v. Railway (Mo.), 16 S. W. Rep., 230.

On account of the errors indicated, we think that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*