GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
ALICE JOHNSON ET AL.

No. 1322. Decided June 2, 1904.

**1.—Witness—Conviction of Crime—Record Evidence.**

The record, which it is necessary to produce in order to show a witness disqualified by conviction for crime, is that of the sentence; the judgment following verdict, under the criminal procedure of Texas, will not suffice. (P. 78.)

**2.—Charge.**

Plaintiff claiming to recover on the ground that he was struck by a car while crossing the track, a requested charge requiring verdict for defendant if he was injured while crawling under a car should, upon the evidence in this case, have been given. (P. 79.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

Alice and Rogers Johnson sued the railroad company. Defendant appealed from a judgment for plaintiffs, and on affirmance obtained writ of error.

*J. W. Terry* and *A. H. Culwell*, for plaintiff in error.—The court erred in refusing to permit the defendant to read in evidence the deposition of the witness Jesse Mangone, and in refusing to permit the defendant to use said deposition for any purpose, and in excluding same on the ground that the said witness was not competent to testify, for the reason that he had been confined in the reformatory. In this State, before a witness is rendered incompetent to testify, it must affirmatively

appear that such witness has not only been convicted of a felony, but that he has been duly sentenced and that no appeal therefrom is pending. In this case the appellant was denied the use of the testimony of Jesse Mangone, simply on the showing that he had been convicted of a felony— this was error.

In this State there are three things necessary in order to render a witness incompetent to testify on the ground stated, they being, first, a legal conviction for a felony; second, that this conviction has been followed by a sentence; third, and that the conviction and sentence have not been suspended by an appeal. And a witness is competent to testify until these three things appear, and incompetency is not shown by simply introducing judgment of conviction. Arcia v. State, 26 Texas Crim. App., 205; Jones v. State, 32 Texas Crim. App., 135; Hart v. State, 14 Texas Crim. App., 323; Penal Code, arts. 25, 27; Code Crim. Pro., arts. 831-834.

An accused person is not deemed in law convicted of crime until sentenced and cause passed on by final condemnation by the highest court of resort which by law has jurisdiction over his case and to which he may have thought proper to appeal. These things were not shown herein. Same authorities.

The testimony of this witness was material to appellant and no legal reason for its exclusion appearing, the court erred in not admitting the same. Same authorities.

Every man is presumed to be competent to testify, and the burden is on him who attacks the competency of the witness to show clearly that all things necessary to render that witness incompetent on the ground stated have been done, which, appellee failed to do in this case. Rogers v. Crain, 30 Texas, 284; Spann v. Glass, 35 Texas, 761.

It appearing that Jesse Mangone was less than 16 years of age at the time of his conviction, and that by the verdict he was to be confined in the reformatory and not in the penitentiary, even had all things needful been shown by appellees, still witness would not have been rendered incompetent to testify, and the deposition should have been admitted. Missouri K. & T. Ry. Co. v. De Bord, 21 Texas Civ. App., 701.

*A. M. Monteith* and *J. W. Moffett,* for defendants in error.—The competence of the witness Jesse Mangone is determined under the rule of common law in its application to evidence, article 2299, Revised Statutes, and not by article 768 (730), Code of Criminal Procedure. 1 Greenl. on Evi., 372-374; Webster v. Mann, 56 Texas, 123, 124; Tillman v. Fletcher, 78 Texas, 675. Final judgment in case of felony, art. 831 (791), Code Crim. Proc. Definition of sentence, art. 873 (792), Code Crim. Proc. Art. 768 (730), Code Crim. Proc., applies by its terms to criminal action only. Meaning of conviction under the common law— Verdict of the jury is conviction. 4 Blackstone Com., 362; Commonwealth v. Lockwood, 109 Mass., 325, 326, 330; Lee v. Gansel, Cowp., 1, 3; 3 Jones' Law of Ev., sec. 734, 735; 1 Greenl. on Ev., 372-374;

Desty Crim. Law, sec. 49b, note 11; Wharton Crim. Ev., sec. 398, note 6. Arcia v. State, 26 Texas Crim. App., 205, recognizes the common law rule of evidence that a verdict followed by a judgment renders the conviction complete and the disqualification at once attaches, and the court should have so held in the absence of any statutory provision in civil cases. Ex parte Brown, 68 Cal., 178-180; Luna v. State, 47 S. W. Rep., 656; Quintard v. Knoedler, 53 Conn., 485; York County v. Dalhousen, 45 Pa. St., 375; People v. Goldstein, 32 Cal., 432; State v. Alexander, 76 N. C., 231.

Presumption of innocence, as a rule, only applies in the case for which the defendant is on trial. Hargrove v. State, 33 Texas Crim. App., 431; Meredith v. State, 40 Texas, 480.

WILLIAMS, ASSOCIATE JUSTICE.—We are of the opinion that the trial court erred in sustaining plaintiff's objection to the competency of the witness Mangone, based upon his conviction of theft from the person. To establish by such a fact the incompetency of a witness, a record showing a conviction must be produced. That which was produced was only the judgment of the District Court based upon a verdict. If that which is called the judgment in our criminal procedure were, in its legal effect, the same as a judgment of conviction at common law, it would constitute the proper evidence of conviction. But at common law the judgment was the final act of the court adjudging the guilt and included that which we treat separately as the sentence. It was pronounced after the court had heard what the accused could say in bar of it, and, when it had been rendered, the sanction of both the court and jury was given to the conviction. 4 Black., chap. 29, p. 376. Under our procedure, the judgment is entered as a matter of course upon the return of the verdict. Code Crim. Proc., 756-757. While, in case of conviction, it adjudges the accused to be guilty and fixes the punishment, this is merely the consequence of the verdict, and the court in rendering it finally determines nothing as to the sufficiency of the procedure and evidence to justify a conviction. It is entered subject to the right of the accused to move in arrest of the judgment and for a new trial, and to interpose reasons against the pronouncing of sentence. It is therefore necessarily true that the judicial action of the court, finally establishing the conviction, takes place after the entry of what we call the judgment and when sentence is recorded. It is only then that the whole record has the legal effect of the common law record of conviction, and it follows that this is the record by which conviction is to be proved. Hence, the authorities from other jurisdictions, holding that the judgment is the proper evidence of conviction, do not apply to judgments rendered in our criminal procedure before sentence. It is enough to hold in this case that, without sentence, there is no record establishing a conviction in the sense of the rule requiring the record of the conviction to prove the incompetency of a witness. The Court of Criminal Appeals has several times decided the question the same

way. Arcia v. State, 26 Texas Crim. App., 193; Hart v. State, 14 Texas Crim. App., 323; Jones v. State, 32 Texas Crim. Rep., 135.   The only difference between those cases and this is that they were controlled by a provision of the Code of Criminal Procedure disqualifying convicts, which is not in terms made applicable in civil cases.   But as the common law rule of disqualification requires the production of a record showing a legal conviction, what that is must be determined by the provisions of our code, and the meaning of those provisions has been interpreted correctly by the decisions referred to.   The fact that the deposition of the witness incidentally showed that he was in the reformatory can not supply the place of the primary evidence of the conviction.   To admit such evidence to prove conviction would plainly contravene the rule making the record the best evidence.

Before the present appeal this cause has been twice before the Court of Civil Appeals (42 S. W. Rep., 584; 67 S. W. Rep., 1067), and once before this court (91 Texas, 569), and the nature of the issues can be seen from the reports.   The plaintiff's case, in brief, is that Rogers Johnson was, through defendant's negligence, struck by a moving car as he was crossing the track at a public crossing; while one of defendant's contentions, with some evidence to sustain it, is that he was hurt while crawling under a car.   The defendant requested special instructions to the effect that, if the latter were the case, the jury should find for the defendant.   We think 'the defendant was entitled. to an affirmative presentation of this view of the case which the general charge did not directly give.   The special charge assigns as the reason for it that the act of crawling under the car would be contributory negligence, but this was irrelevant and should not have caused the refusal of the instruction.   A sufficient reason for an instruction so broad is that the facts supposed in it, if found to exist, negatived the case upon which plaintiffs sought to recover.   The jury might have inferred this from the court's charge, but upon request it would have been proper for the court to affirmatively so instruct.

Many other assignments of error are urged, most of them requiring a consideration of facts not stated in the application.   We shall not undertake the discussion of points which are not properly presented. The others present nothing requiring especial notice.   Nor do we hold that we would reverse the judgment because of the refusal of the special charge referred to, but refer to it to guide the District Court in further proceedings.

*Reversed and remanded.*