TEXAS MIDLAND R. R. v. McKISSACK BROS.

(Court of Civil Appeals of Texas. Dallas. Dec. 21, 1912. Rehearing Denied Jan. 11, 1913.)

1. RAILROADS (§ 351*) — COLLISIONS — CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Where, in an action for the loss of a team struck by a train at a crossing, there was evidence that the driver left the team unhitched on the street leading to the crossing, that it started to run towards the crossing, that the fireman first saw the team as it approached 50 or 60 feet from the crossing and called the attention of the engineer to it, and that he immediately applied the emergency brakes, but could not avoid striking the team, the refusal to submit the issue of contributory negligence based on leaving the team unhitched was erroneous.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1215; Dec. Dig. § 351.*]

2. RAILROADS (§ 337*) — COLLISIONS—NEGLIGENCE—FAILURE TO GIVE STATUTORY SIGNALS.

The failure to give statutory signals of the approach of a train to a crossing is not actionable negligence, where it is not the proximate cause of a collision with a team at the crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

Where the court submitted an issue in a very general way in its main charge, a party was entitled on request to a more specific special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from Kaufman County Court; Thomas R. Bond, Judge.

Action by McKissack Brothers against the Texas Midland Railroad. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Henry C. Coke, of Dallas, and Dashiell, Crumbaugh & Coon, of Terrell, for appellant. Bumpass & Dumas, of Terrell, for appellees.

TALBOT, J. The appellees, McKissack Bros., a firm composed of Charlie and Bob McKissack, sued the appellant, Texas Midland Railroad, in the county court of Kaufman county, for $355, the value of two horses, hack, and harness. Plaintiff alleged that on or about the 20th day of January, 1912, their horses were killed, harness destroyed, and hack injured by the train of the defendant, Texas Midland Railroad, striking them at the College street crossing, in the city of Terrell. The grounds of negligence relied upon were failure to ring the bell or blow the whistle, and running the train at an excessive and dangerous rate of speed. After a general demurrer and general denial, the defendant answered that the plaintiff's driver in charge of the team had left them standing on the street without hitching them, and that the team ran away and ran into defendant's train. The case was tried before a jury on March 29, 1912, and a verdict rendered for plaintiff for the full amount sued for. Defendant's motion for a new trial having been overruled, it appealed.

There is evidence tending to show that plaintiffs' nephew was driving their team, and left the team standing unhitched on College street; that the team started to run, one in a trot, and the other in a lope, and they went faster as they approached the crossing; that the fireman first saw the horses, as they approached on his side, about 50 or 60 feet from the track, and called the engineer's attention to them, who immediately applied the emergency brakes; that the engineer sitting in the cab on the opposite side from the fireman did not, and could not, see the horses.

[1] Appellant's third assignment of error complains of the court's refusal to give the following charge: "If you believe from the evidence that plaintiffs' team was running loose at the time of the accident unattended by any driver or person in charge of same, then you are instructed to consider whether or not the fact that such team was so left loose and unattended was negligence on the part of the plaintiffs, and, if so, whether it contributed to the injury of plaintiffs' horses, hack, and harness, and if you find that such acts on the part of the plaintiffs did contribute to the injury, you will find for defendant." The evidence was sufficient to raise the issue sought to be submitted in this charge, and its refusal was error.

[2, 3] The tenth assignment of error is as follows: "If you believe from the evidence that defendant failed to give the signals required by law, and that it ran its train at an excessive rate of speed at the time plaintiffs' horses were injured, yet, unless you believe that such failure to give said signals and the running of said train at an excessive rate of speed was the direct and proximate cause of the injury, you will find for the defendant." This charge should have been given. Although the failure to give the statutory signals, if they were not given, would constitute negligence per se, yet, if such failure was not the proximate cause of the injury to appellees' wagon and team, it was

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

not such negligence as would render appellant liable in damages for the loss sustained by appellees. This proposition is well settled, and authorities need not be cited in support thereof. This issue was submitted, if at all, in a very general way in the court's main charge, and appellant was entitled, upon request, to have its more specific special charge grouping the facts given. Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Railway v. Rogers, 91 Tex. 52, 40 S. W. 956.

The court also probably erred, we think, in permitting the witness Golightly to testify, over the objection of the defendant, that the speed of the train from Greenville, Tex., to Terrell, Tex., was about 22 miles per hour. We do not see the relevancy of this testimony and think it should have been excluded.

The other assignments will be overruled.

For the errors indicated, the judgment is reversed, and the cause remanded.