OVERLAND AUTOMOBILE CO. v. BUNTYN.

(Court of Civil Appeals of Texas. Amarillo. Feb. 1, 1913. Rehearing Denied March 8, 1913.)

1. PRINCIPAL AND AGENT (§ 89*) — ACTION FOR COMPENSATION—VARIANCE.

Where a petition alleged a contract to pay a commission of 7½ per cent. "of the list selling price" of any automobile sold by plaintiff, an issue based on evidence of an agreement to pay a commission of 7½ per cent. without anything having been said on what it would be based, but an understanding by plaintiff that it would be based on the list selling price, because commissions on such sales were usually based on such price, was erroneously submitted as not based on the pleading.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 229–239; Dec. Dig. § 89.*]

2. TRIAL (§ 260*)—INSTRUCTIONS.

On an issue as to which the evidence is conflicting, it is the court's duty, on request, to present affirmatively the negative side thereof, though it has been negatively presented in the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by W. J. Buntyn against the Overland Automobile Company, a partnership. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

Cooper, Merrill & Lumpkin, of Amarillo, for appellant. E. T. Miller and Marvin Jones, both of Amarillo, for appellee.

HENDRICKS, J. The appellee, W. J. Buntyn, sued the appellants, M. C. Le Master and W. A. McSpadden, composing the partnership of the Overland Automobile Company, in the county court of Potter county, Tex., by a petition of three counts, as follows:

First. In the first count he alleged an express, oral contract with the defendants, by the terms of which they agreed to pay him. "a commission of 7½ per cent. of the list selling price of any automobiles which the plaintiff might sell or be instrumental in selling during the period of one year from the beginning of said contract," also stating that if any automobiles were sold under the list price, the plaintiff's commission should be reduced in proportion thereto.

In the second count in his petition he alleged in the alternative "that he performed services in selling, and assisting in selling, automobiles at the instance and request of

defendants, and that defendants ratified and accepted said services, and acquiesced in and received the benefits of same, and that the usual and customary price paid for such services was the sum of 7½ per cent. of the selling price, and that the same is reasonable."

In the third count he pleaded that the defendants employed him to work in their garage for a period of six months, and that such work was of the reasonable value of $75 per month, all of which the defendants accepted with full knowledge of the benefits thereof.

Upon the request of the appellants, the trial court eliminated the second count in the petition from the case, and did not charge its elements to the jury, and the first and third counts were the only ones presented for their consideration.

[1] Second. It will be noted that the appellee alleged an express contract in the first count of his petition, to the effect that the defendants agreed to pay him a commission of 7½ per cent. *of the list selling price* of any automobiles which he might sell, or be instrumental in selling, during the period of said contract. His testimony did not fill the measure of the express contract thus pleaded. He does state, on direct examination, that the defendants agreed to pay him 7½ per cent. commission on the list selling price, but on cross-examination he specifically says that "at the time we entered into the contract to sell automobiles for a commission of 7½ per cent. there was nothing said what the 7½ per cent. would be based upon," except that he understood that it would be based upon the list selling price, for the reason that commissions on the sale of automobiles were usually based upon such price. The "list selling price" according to the petition, and from the nature of the contract alleged, is as much an express constituent of the contract as the 7½ per cent., and the inference in his testimony that he understood the list selling price to be the basis upon which the commissions were to be predicated is purely speculation, without any appropriate pleading whatever to meet that part of his testimony setting up any usage or custom contemplated by the parties at the time of making the contract, and incorporated therein by virtue of such usage or custom. If it were the usual basis for contracts of this character, with reference to commissions for the sale of automobiles, the court and jury should have been advised of it by proper allegations. The proposition of the appellant, complaining of the charge of the court based upon the first count in the petition, will have to be sustained.

[2] Third. There was a sharp conflict in the testimony of the plaintiff and the defendants, with reference to the terms of the contract entered into between them, the latter testifying explicitly that plaintiff was to receive a commission of 7½ per cent. as to 19¼ per cent. of the profits made on the sale of same; that is, as stated by one of them, the sum of $7.50 out of every $19.25, or about 38 per cent. of their profits derived from the automobile sales. If the defendants' version of the contract were true the other contract as pleaded in the first count of the petition, alleging a commission on the "list selling price," would necessarily fail; and the defendants, to meet their phase of the evidence, presented to the trial court the following specially requested instruction, which was refused: "You are instructed at the request of the defendants that if you find and believe from the evidence that on or about November 1, 1910, plaintiff and defendants entered into a contract, under and by virtue of the terms of which plaintiff entered the service of the defendants, as salesman, on a commission basis for the sale of automobiles at a commission of 7½ per cent. as to 19¼ per cent. of the profits made on all such automobiles that plaintiff succeeded in selling for defendants, then and in that event, you will find for the defendants upon the first paragraph in plaintiff's petition."

This requested instruction should have been given to meet this plain issue of variance in controversy between the parties; for "it has been often held to be the duty of the trial court, when requested, to present to the jury in such cases affirmatively the negative side of the issue, and this right is not impaired by the fact that the same matter had been negatively presented in the main charge." Northern Texas Traction Co. v. Moberly, 109 S. W. 483, and cases cited. It will be noted that this special charge is addressed to only the first count in the petition, and the developments of the trial of the case by the verdict of the jury demonstrate its appositeness in a matter of this kind, as the verdict found for the plaintiff a certain amount of money "as commissions." Although a general verdict, the jury evidently excluded from their consideration the other paragraph of the court's main charge, based upon the third count in plaintiff's petition for that of salary. Again, we note from a consideration of this record that no list selling price of automobiles is in evidence, unless the same could be inferred from a circuitous mathematical calculation, by virtue of the fact that appellee testified that some of his commissions upon sales he made were lower than the 7½ per cent.; it having been charged in his petition that if they were sold under the list price plaintiff's commission should be reduced in proportion thereto. If this case should be tried again, the pleadings should be reformed to meet the substantive issues. The second count in the petition, eliminated by the court, charged the 7½ per cent. commission as a customary price, while the testimony of plaintiff shows the 7½ per

cent. was part of an express contract, expressly pleaded; and, again, the first count alleges the "list selling price" as an ingredi-.ent of an express contract, and the testimony of plaintiff is, "That was what the commission was usually paid upon," which necessarily was not expressed, but as to that part of the contract, it has to be implied.

For the errors indicated, the cause will be reversed and remanded.