## FT. WORTH & R. G. RY. CO. v. JONAS. (No. 5304.)

(Court of Civil Appeals of Texas. Austin. March 4, 1914. Rehearing Denied April 29, 1914.)

TRIAL (§ 260*)—INSTRUCTIONS.

Where the charge given did not clearly and specifically present a defense, the denial of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

two special charges, either of which would have supplied the omission, is erroneous, though only one of them need have been given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from McCulloch County Court; Harvey Walker, Judge.

Action by J. M. Jonas against the Ft. Worth & Rio Grande Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman, of Houston, Harris & Harris, of Ballinger, and Wright, Wynn & Harris, of San Angelo, for appellant. Shropshire & House, of Brady, for appellee.

KEY, C. J. This is a suit for damages caused by fire, which resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

Overruling all others, we sustain the second and fourth assignments of error. One of the defenses relied upon was the contention that at the time in question the engine from which the sparks escaped which were alleged to have caused the fire was equipped with the most approved appliances in use to prevent the escape of fire, that the same were in good repair, and that the engine was being carefully and skillfully handled. The court instructed the jury that, if the defendant was not guilty of negligence on the occasion in question, to return a verdict for it, but did not apply that defense as specifically and clearly as appellant had the right to have done. Two charges were asked upon that subject, either of which would have supplied the omission in the court's charge, and the refusal to give those charges is made the subject-matter of the second and fourth assignments. It was not necessary to give both of the refused charges; but one of them should have been given. Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Railway Co. v. Johnson, 98 Tex. 76, 81 S. W. 4; Railway Co. v. McKenzie, 30 Tex. Civ. App. 293, 70 S. W. 237.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.