SOUTHERN TRACTION CO. v. JONES.
(No. 6020.)

(Court of Civil Appeals of Texas. Austin. Feb. 19, 1919.)

1. TRIAL ⟨key⟩203(1)—CORRECT INSTRUCTION—REFUSAL.

Defendant's requested charge to the effect that, if plaintiff's driving his automobile at a greater than the lawful rate of speed was the proximate cause of the collision with defendant's street car at crossing, plaintiff could not recover, embodied a correct proposition of law, and, being applicable to an issue not affirmatively presented by the main charge, should have been given.

2. STREET RAILROADS ⟨key⟩98(2)—COLLISION AT CROSSING—CONTRIBUTORY NEGLIGENCE.

The effect of Pen. Code 1911, art. 815, is to make it negligence per se to drive an automobile at a greater speed than 18 miles an hour, and, if plaintiff's violation of such statute was the direct and proximate cause of the collision with defendant's interurban car at a street crossing, plaintiff was guilty of contributory negligence.

3. TRIAL ⟨key⟩203(3)—AFFIRMATIVE PRESENTATION OF DEFENSE.

In action for damages from collision between plaintiff's automobile and defendant's interurban car at a crossing, failure of court to affirmatively present defense of contributory negligence based on alleged voluntary intoxication of plaintiff, would be a substantial denial of right if defendant had requested a correct charge.

4. TRIAL ⟨key⟩253(4) — INSTRUCTIONS — NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE.

Defendant's right to have the full effect of its pleas of contributory negligence should be safeguarded in connection with each issue of alleged negligence submitted by the court.

5. STREET RAILROADS ⟨key⟩112(3)—CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.

In action for damages growing out of a collision between plaintiff's automobile and defendant's interurban car at a street crossing, held, that burden was upon defendant to prove contributory negligence.

6. APPEAL AND ERROR ⟨key⟩994(2), 1002—FINDING BASED ON CONFLICTING EVIDENCE—REVIEW.

It is the province of the jury to pass upon the credibility of the witnesses and the weight to be given conflicting testimony, and the court on appeal is not, although it might not have reached the same conclusion had question been submitted to it, authorized to substitute its judgment for that of the jury.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by R. J. Jones against the Southern Traction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Nat Harris and Allan D. Sanford, both of Waco, for appellant.

BRADY, J. This is an appeal from a judgment in favor of appellee against appellant for damages in the amount of $500, growing out of a collision between an automobile driven by appellee and an interurban car belonging to appellant.

The petition alleged several grounds of negligence, including the alleged operation of the interurban car at a high and dangerous rate of speed; the failure of appellant's employés to ring a bell, blow a whistle, or give any other signal of the approach of the interurban car to the crossing where the accident occurred; the failure of appellant to maintain a watchman at the crossing, or to provide a system of alarm bells or gates at the crossing; and in permitting vines and trees to grow on the right of way of appellant, which were alleged to have been obstructions, preventing appellee from seeing the approaching car.

Among other defenses, appellant alleged that at the time of the collision appellee was driving his automobile at a high and dangerous rate of speed, in violation of the criminal ordinances of the city of Waco, and also in violation of the Penal Code of the state; that appellee was familiar with the crossing, its surroundings, and dangers; and that he was guilty of contributory negligence in approaching the crossing; and further that at the time of the accident appellee was under the influence of intoxicating liquors to such an extent as to render him incapable of exercising ordinary care for his own safety.

The cause was submitted to the jury upon a general charge, and resulted, as above stated, in a verdict and judgment for appellee. Appellant presented in its brief eight assignments of error. There are no briefs on file for appellee.

[1] Appellant's first assignment of error complains of the refusal of the trial court to give a requested charge to the effect that it is negligence as a matter of law in this state to drive an automobile over a public road or street at a greater rate of speed than eighteen miles per hour, and that if appellee was driving his automobile at such an unlawful rate of speed, and it was the direct and proximate cause of his injuries, to find for the defendant.

[2] Article 815 of the Penal Code provides, in substance, that it is unlawful for any person to drive an automobile along and over the public roads, streets, and driveways, not a race course or speedway, at a greater rate of speed than 18 miles per hour; and one of the acts of contributory negligence specially pleaded and relied upon by appellant was that appellee was at the time of the ac-

cident driving his automobile at a speed greater than 18 miles along the public road or street where the collision occurred. The effect of the above penal statute is to make it negligence per se for any person to drive an automobile at such unlawful speed over or upon a public road or street; and if appellee was at the time of the accident violating the statute, and this was the direct and proximate cause of his injuries, he was guilty of contributory negligence and should not recover damages.

The trial court did not affirmatively present this issue to the jury either in his main charge or in any of the special charges given, and we think it was error to refuse to give the special charge requested by appellant.

In the case of Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, it was held by the Supreme Court that under a plea of contributory negligence the defendant is entitled to a charge requiring the jury to find whether the evidence establishes the existence of any specified group of facts which, if true, would in law establish such plea, and instructing them that if they find such group of facts to be established by the evidence, to find for the defendant. Associate Justice Denman, speaking for the Supreme Court, said:

"And this would be true if proper charges had been asked as to each of the several special pleas of contributory negligence presented by the record. Any other rule would deprive litigants of their right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or defense, so that they may intelligently pass upon the various complicated issues frequently presented for their determination in one case under our practice."

We think the charge requested by appellant upon this issue embodied a correct proposition of law, was applicable to a disputed issue made by the pleadings, and should have been given.

[3] Appellant's second assignment of error presents the point that the trial court erred in refusing to give special charge No. 6, requested by appellant, which was as follows:

"You are charged that if you find and believe from the evidence that the plaintiff, R. J. Jones, at the time of the alleged accident, was incapable of exercising ordinary care and prudence for his own safety by reason of the voluntary drinking of intoxicating liquors, and that while in said intoxicated condition, if you find from the evidence that he was, he, the said R. J. Jones, drove his automobile into and against a moving interurban car of the defendant, and that as a direct and proximate result of said intoxicated condition, if any, which rendered the plaintiff incapable of exercising ordinary care and prudence for his own safety, if any, plaintiff was injured, as alleged in his petition, if any, then if so you will find for the defendant."

In R. R. Co. v. Robinson, 104 Tex. at page 487, 140 S. W. at page 436, our Supreme Court, quoted with approval from Hutchinson on Carriers, the following rule:

"Intoxication does not per se constitute contributory negligence, but is a matter to be taken into consideration as bearing on the question whether the passenger has, by his own conduct, brought the injury upon himself. The law exacts from one who is voluntarily intoxicated the same degree of care and caution in avoiding an exposure of his person to danger as it exacts from a sober person of ordinary prudence under like circumstances."

In the case of Ry. Co. v. McGlamory, supra, the defendant pleaded voluntary intoxication as a ground of contributory negligence, and the trial court gave a general charge on contributory negligence, and informed the jury that intoxication is no excuse for such negligence; that, if the plaintiff was intoxicated when injured, the jury might consider such fact in determining whether he was negligent; but did not undertake to apply the law to the evidence adduced in support of the special plea of contributory negligence. The defendant railway company requested the court to give the following charge:

"If the jury believe from the testimony that at the time of the accident plaintiff was in a state of intoxication, and that such state of intoxication placed him in such a condition that he was unable and failed to exercise the caution and care required of him under the instruction heretofore given, and that by reason of such condition he was injured, then in such event he cannot recover."

The trial court refused to give this instruction, and the Supreme Court held that this was error.

The trial court in the instant case did not affirmatively present appellant's defense of contributory negligence, based on the alleged voluntary intoxication of appellee, and under the rules of law recognized in the above cases this would be a substantial denial of right to appellant, if it had requested a correct charge.

We doubt whether the charge requested was required to be given under the evidence in this case, because the testimony stated by appellant under this assignment or in the record, as far as we have been able to determine, does not seem to raise the issue that appellee was at the time of the accident intoxicated to such a degree as that he was incapable of exercising ordinary care and prudence for his own safety, which element is clearly embodied in the charge as requested. We do not know what the evidence will be upon another trial; but we take it that the trial court will apply the rules announced in the above decisions of our Supreme Court to the facts established by the evidence, and will give a proper charge, affirmatively presenting the issue of voluntary intoxication, if justified by the evidence, especially if requested by appellant.

The third assignment of error is to the effect that the court, in its general charge to the jury upon the issue of alleged negligence of appellant in propelling its interurban car at a high and dangerous rate of speed, unduly and unnecessarily emphasized the issue by useless repetition, and that the same as drawn constituted a charge on the weight of the evidence.

We have examined this portion of the court's charge in the light of the objection made, and do not think it is subject to the criticism.

The fourth assignment of error denounces the court's main charge, relating to the alleged failure of appellant's employés to ring the bell or blow the whistle, or give other signal of the approaching of its interurban car, as upon the weight of the evidence; but we do not think it is open to the objection made. However, this assignment also complains because the charge on this issue wholly disregarded and ignored appellant's defense of contributory negligence on the part of plaintiff. This objection we think well taken. The court should have qualified the instruction on this point, as well as in all other paragraphs submitting alleged issues of negligence, by some such qualification as was contained in the paragraph submitting the issue of high and dangerous rate of speed, wherein the jury were informed:

"You will return a verdict for the plaintiff, unless you find for the defendant as hereinafter explained, or upon special instructions hereinafter given."

[4] In other words, appellant's right to have the full effect of its pleas of contributory negligence should be safeguarded in connection with each issue of alleged negligence submitted by the court; otherwise, the jury are likely to be misled.

The fifth and sixth assignments of error assert that the trial court erred in instructing the jury in relation to the alleged negligence of appellant in not maintaining a switchman, or providing a system of alarm bells at the crossing, on the grounds that the court should not single out any one or more methods or devices for warning travelers, and that the evidence in the case was wholly insufficient to raise these issues, and because the question of contributory negligence was eliminated from the consideration of the jury by the failure of the court to qualify the instruction on these issues.

We do not know what the evidence will be on another trial, but assume that the trial court will not give a charge on these matters, unless the evidence should fairly present the issues; and also that he will properly safeguard the right of appellant in regard to its pleas of contributory negligence, if these alleged grounds of negligence should be again submitted. Further than this we do not think it proper to discuss the assignment.

[5] By the seventh assignment of error appellant raises the question that the trial court improperly instructed the jury that the burden of proof was upon the defendant to prove contributory negligence by a preponderance of the testimony.

Under the pleadings in this case, it is our opinion that the trial court properly instructed the jury upon the burden of proof as to the grounds of contributory negligence pleaded by appellant. The facts pleaded in appellee's petition do not show, or tend to show, contributory negligence on his part; but, on the other hand, these matters were affirmatively pleaded by appellant; and we think the burden of proof on such issues was upon it.

The eighth assignment of error complains of the trial court's action in overruling appellant's amended motion for new trial, upon substantially the ground that the undisputed evidence in the record shows appellant to have been guilty of contributory negligence barring his right to recovery. The assignment undertakes to state the result of the evidence, showing that under the undisputed evidence appellee's acts of contributory negligence were the proximate cause of his injuries, and likewise that the undisputed evidence showed appellant to have been guilty of no act of negligence directly and proximately causing such injuries; and that therefore, as a matter of law, appellant is not liable to appellee.

[6] We have carefully examined appellant's propositions and authorities under these assignments, and, under the facts of this case, we are unable to say that as a matter of law it results therefrom that appellant was not guilty of negligence, or that appellee was guilty of contributory negligence. The evidence upon the various issues is conflicting, and while slight upon some of the issues, it was the peculiar province of the jury to pass upon the credibility of the witnesses and the weight to be given their testimony. In the present state of the record, this is a fact case, and, while we might not have reached the same conclusion as the jury had this question been submitted to our discretion, yet we are not authorized to substitute our judgment for that of the jury, to whom alone is committed the duty and discretion of passing upon disputed issues of fact.

For the error committed in refusing to give appellant's special charge No. 4 complained of in the first assignment of error, this case is reversed and remanded for another trial, in accordance with the views above expressed.

Reversed and remanded.