**TEXAS & N. O. R. CO. v. PEVETO et al.**
(No. 516.)

(Court of Civil Appeals of Texas. Beaumont. July 18, 1920. On Rehearing, Oct. 13, 1920.)

1. **Railroads** ⬯350(13)—**Contributory negligence question for jury.**

Contributory negligence of deceased, while riding in an automobile struck by a train *held* a question for the jury.

2. **Railroads** ⬯351(16)—**Instruction on contributory negligence improperly refused.**

In an action against a railroad for death of one riding in an automobile, it is error to refuse defendant's request to charge that if decedent approached the crossing without looking or listening, and if by so doing he could have seen or heard the train in time, and if a man of ordinary prudence would have looked or listened, the jury should find decedent was guilty of contributory negligence proximately causing his death.

## On Rehearing.

3. **Appeal and error** ⬯308 — **Questions not certified unless useful purpose will be served.**

Questions will not be certified by the appellate court to the Supreme Court unless some useful purpose will be served by doing so.

Error from District Court, Orange County; W. T. Davis, Judge.

Suit by Mrs. Pearl Peveto and others against the Texas & New Orleans Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Orgain, Butler, Bolinger & Carroll, of Beaumont, Baker, Botts, Parker & Garwood, of Houston, and F. J. & C. T. Duff, of Beaumont, for plaintiff in eror.

Holland & Holland and J. T. Adams, all of Orange, for defendants in error.

HIGHTOWER, C. J. This was a suit by Mrs. Pearl Peveto, surviving widow of Herbert Peveto, deceased, and also by S. H. Peve-

to and Azalie Peveto, surviving father and mother, respectively, of said Herbert Peveto, deceased, against the Texas & New Orleans Railroad Company, by which plaintiffs sought to recover damages sustained in consequence of the death of Herbert Peveto, which occurred in a collision between a train of the Texas & New Orleans Railroad Company and an automobile in which said deceased was riding in the city of Orange on October 1, 1917. Mrs. Pearl Peveto sued both in her own behalf and also as next friend of Herbert Peveto, a minor child of herself and said deceased, Herbert Peveto. The accident in question occurred on defendant's railway track, where the same is crossed by Park street in the city of Orange.

It was alleged by the plaintiffs that the death of said Herbert Peveto was negligently caused by said defendant in the operation of its train at the time, the specific grounds of negligence being substantially as follows:

(1) The failure on the part of the operatives of the engine to blow the whistle or ring the bell thereon, as the engine was approaching the crossing of said street.

(2) The failure of the operatives of the engine to keep a proper lookout for persons traveling along said Park street and about to make said crossing.

(3) The failure to provide any means of warning to travelers using said street, such as gates, bells, or flagmen at said crossing.

(4) That the train was running at an excessive rate of speed, and at a rate of speed prohibited by an ordinance of the city of Orange, which ordinance prohibited a greater rate of speed than six miles an hour.

Plaintiffs laid their damages in the sum of $40,000.

The defendant, Texas & New Orleans Railroad Company, answered by general demurrer, several special exceptions, a general denial, and by plea of contributory negligence upon the part of the deceased, Herbert Peveto.

The trial was had with a jury, and resulted in a verdict and judgment in favor of the plaintiffs, as follows: Mrs. Pearl Peveto, $7,500; S. H. Peveto, $1,000; Azalie Peveto, $1,000; and to Herbert Peveto, the minor, $15,000—totaling $24,500. After its motion for new trial had been overruled, the defendant prosecuted a writ of error to this court.

The jury found, substantially, in answer to special issues, that appellant was guilty of negligence in several particulars, as contended by appellees, and that such negligence was the proximate cause of the death of Herbert Peveto. No question is made on this appeal by appellant as to the sufficiency of the evidence warranting such findings by the jury, and in fact there is no contention here that appellant was not guilty of negligence in any respect as determined by the jury.

[1] By the first and second assignments of error, it is claimed substantially that the evidence adduced upon the trial below showed conclusively, as a matter of law, that deceased, Herbert Peveto, was guilty of negligence which proximately contributed to his death, and that for that reason the trial court erred in declining to peremptorily instruct a verdict in favor of defendant, and erred in submitting, as a question of fact, to the jury whether said deceased was guilty of contributory negligence.

For brevity, plaintiffs below will be referred to as "appellees," and the defendant as "appellant."

This is a companion case to that of Texas & New Orleans Railroad Co. v. Harrington, which was decided at a former term of this court, and will be found reported in 209 S. W. 685. Harrington and Peveto were riding in an automobile together, Harrington being the driver, and both lost their lives at the same time while attempting to cross over appellant's track, where the same is crossed by Park street in the city of Orange, on the 1st day of October, 1917. While the Harrington Case was tried in the district court of Orange county at a term previous to the term at which the Peveto case was tried, the facts in both cases, as developed by the records, are substantially the same, and these facts are very fully detailed in the report of T. & N. O. R. Co. v. Harrington, supra, and in disposing of the appeal of the Harrington Case, in which appellant, Texas & New Orleans Railroad Company, insisted that the evidence showed that Harrington was guilty of contributory negligence as a matter of law, and that appellant in that case should have had a peremptory instruction in its favor, this court denied the contention of the appellant, and held that the issue of contributory negligence on the part of Harrington was one for the determination of the jury, and overruled the assignment of appellant on that point. Without making a statement of the evidence bearing upon the issue of contributory negligence in this case, we have concluded that there is no substantial difference in the evidence as adduced upon the trial in the Harrington Case and as adduced upon the trial of this case, and refer, for sake of brevity, to the statement of the evidence bearing upon this issue, as shown in the Harrington Case above referred to.

We are still of the opinion that the issue of contributory negligence on the part of the deceased, Herbert Peveto, according to the evidence, was one of fact for the determination of the jury, and that the trial court did not err in refusing to peremptorily instruct a verdict in favor of appellant on that issue, and did not err in submitting that issue for the determination of the jury, and therefore the first and second assignments of error are overruled.

Special issues or questions Nos. 6, 7, and 8, as contained in the court's charge to the jury, were as follows:

"Question No. 6: Do you believe from the evidence that the deceased, Herbert Peveto, did any act or failed to do any act that contributed to the injury causing his death?"

Question No. 7 was propounded to the jury in the following form:

"If you should answer this question [meaning No. 6] 'No,' then you need not answer question No. 7; but should you answer said question 'Yes,' then you will answer question No. 7.

"Question No. 7: Did any act or omission of deceased, Herbert Peveto, which preceded the injury that resulted in his death, amount to negligence on his part, as that term has been defined to you in this charge?"

Question No. 8 was propounded as follows:

"If you should answer question No. 7 'No,' then you need not answer question No. 8, but should you answer said question 'Yes,' then you will answer question No. 8.

"Question No. 8: Do you believe from the evidence that such act or omission on the part of said Herbert Peveto was the proximate cause of the injuries received by him?"

The jury answered "No" to question No. 6, that is to say, in answer to that question they found that the deceased, Herbert Peveto, neither did any act, nor failed to do any act, that contributed to the injury causing his death, and therefore following the court's instruction to the jury, they did not answer question No. 7, and likewise did not answer question No. 8.

[2] Attorneys for appellant, at the proper time, prepared and presented to the trial court, with the request that it be submitted for the jury's consideration, and as a guide to them in answering questions Nos. 6, 7, and 8, the following special charge:

"You are instructed that if you believe from the evidence that said Herbert Peveto approached said crossing on the occasion of his death without looking or listening for the approach of a train, and you further believe from the evidence that by looking or listening he would have seen or heard said train in time to have prevented his injury and death, and you further believe that a man of ordinary prudence would under the same or similar circumstances have looked and listened for the approach of a train, then you are instructed to answer questions Nos. 6, 7, and 8 'Yes,' and this would be true even though you may believe from the evidence that there were no whistles or other signals given to announce the approach of the train, and that the train was being operated in a negligent manner."

The trial judge refused to give to the jury this special charge requested by appellant, and the refusal was properly excepted to. It is contended by the third assignment in appellant's brief that the trial court erred in refusing to give this special charge, the proposition involved in the assignment and relating thereto being as follows:

"This was error, for the reason that it is the right of the defendant to have a charge to the jury grouping the facts relied upon as a defense, and instructing the jury that if it finds such facts to exist, and such facts constitute a lack of care upon the part of the deceased, then to answer questions 6, 7, and 8, which questions related to the contributory negligence of the deceased in a certain specified way, and it was especially error in this case to refuse said special charge No. 13, for the reason that the court gave the jury absolutely no guide in determining their answers to question No. 6."

The second proposition under the assignment is:

"It is the right of defendant to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified facts or group of facts, which, if true, would in law establish a special defense, and instructing the jury that if it found such fact or facts established by the evidence to find a particular way upon a particular subject or answer particular questions in a certain specified way."

The fourth proposition under this assignment is as follows:

"The defendant is entitled to prepare and demand the giving of a charge grouping certain facts and applying the law to said facts, and advising the jury if they find a certain state of facts to exist, and find that said state of facts would show negligence upon the part of the deceased, to answer certain issues submitted to it by the court in its main charge in a specific way."

There are several other propositions, but they are substantially the same as those mentioned. In support of its contention under this assignment and propositions, appellant cites M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Railway Co. v. Aires, 83 Tex. 268, 18 S. W. 684; Armour v. Morgan, 108 Tex. 417, 194 S. W. 943; Railway v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Railway Co. v. Johnston, 98 Tex. 76, 81 S. W. 4; Railway Co. v. McKissock, 152 S. W. 815; Overland Auto Co. v. Buntyn, 154 S. W. 654; Traction Co. v. Jones, 209 S. W. 457; Railway Co. v. Jones, 166 S. W. 415; T. & N. O. R. Co. v. Harrington, 209 S. W. 689.

Upon the trial of the case of T. & N. O. R. Co. v. Harrington, which we have mentioned above, the trial judge refused to give to the jury the same special charge now under consideration, and upon appeal of the Harrington Case to this court we held that the action of the trial court in so refusing was error, and sustained the assignment raising the point in that case, and reversed the judgment and remanded the cause because of such error. Afterwards, motions for rehearing were made in this court by both the appellant and appellees in the Harrington Case, and both motions were overruled by this court, and both parties applied for writ of error to the

Supreme Court. The Supreme Court granted the application of the appellees in that case, and denied that of appellant. This court does not, of course, know certainly the reason of the Supreme Court in granting the writ of error of the appellees in the Harrington Case, though we are informed that in granting the writ that court made a notation upon its docket, in which it was said substantially that that court was of the opinion that this court was in error in holding that the refused special charge requested by the appellant in that case should have been given. In view of the action of the Supreme Court in granting the writ of error in the Harrington Case, this court has held this case, after its submission, until the last opinion day of this court during this term, with the hope that the Supreme Court might determine whether this court was in error on this point in the Harrington Case, so that we would know certainly what disposition to make of this appeal; but, the Supreme Court not having up to this time, as we understand, reached a decision in the Harrington Case of the precise point here under consideration, we have concluded that it would be best for all parties concerned to now dispose of this appeal before adjournment for the present term. Before the disposition of this point in the Harrington Case was made, this court reviewed most carefully all authorities cited by able counsel on both sides, and, after doing so, reached the conclusion that the refusal in that case of the very special charge requested in this case was reversible error, and while, of course, our conclusion on that point has been to some extent weakened by the action of the Supreme Court in granting the writ of error in the Harrington Case, nevertheless we are still unanimously of the opinion that we were right in our holding on that point in the Harrington Case, and, if so, it follows that we were of the opinion that it was reversible error in the trial court to refuse to give the special charge asked in this case, as above shown. We reviewed at some length the authorities touching the point in the Harrington Case, and it would serve no useful purpose to again elucidate them here, since this and the Harrington Case are companion cases, and the facts are nearly precisely the same, and we could not add anything to what we said in the Harrington Case in disposing of the point now under consideration.

We, therefore, sustain the third assignment of error, and reverse the judgment of the trial court, and remand the cause; and it will be so ordered.

There are several other assignments of error in appellant's brief in this case, but none of them, we think, point out any error prejudicial to appellant, and all assignments of error, other than the third, are overruled.

Reversed and remanded.

## On Rehearing.

The appellees have filed a motion for a rehearing in this cause, with the prayer that we set aside our opinion reversing and remanding this cause, and that we now affirm the trial court's judgment. This motion has had our thoughtful consideration, but we are still of the opinion that our former disposition was correct, and the motion for rehearing should be denied.

[3] It is also suggested by appellees that in the event we deny a rehearing, we should certify the questions involved to the Supreme Court. If we could feel that any useful purpose would be served by granting this request, we would do so; but, inasmuch as the companion case of Texas & New Orleans Ry. Co. v. Harrington, involving the very same legal questions, is now, and has been for some time, pending in the Supreme Court on writ of error, to certify the same legal questions at this time would not probably advance the final disposition of this cause.

We therefore deny the request to certify.