## SAN ANTONIO & A. P. RY. CO. v. BRUIHL.
### (No. 8187.)

(Court of Civil Appeals of Texas. Galveston. March 28, 1922.)

**1. Railroads ⚙⟹344(1) — Petition for killing stock at crossing held sufficient as against general demurrer.**

A petition alleging that, as plaintiff's mules were driven on a public crossing where there was nothing to prevent defendant's employés from seeing them, they were killed by a train giving no signals, and that the killing was due to defendant's negligence, *held* sufficient as against a general demurrer.

**2. Railroads ⚙⟹344(7) — Allegation of omission of signals without allegation of cause of injury insufficient as against special exception.**

A petition in an action against a railroad company for the negligent killing of mules driven on a crossing which alleges a failure to sound a whistle or ring a bell without alleging that such failure was the proximate cause of the injury is insufficient as against a special exception.

**3. Railroads ⚙⟹344(1)—Petition charging negligence held bad on special exception because too general.**

In an action against a railroad company for killing mules driven on a crossing, a petition alleging that they were killed by reason of the negligence, carelessness, and want of proper diligence on the part of defendant and its servants is insufficient as against a special exception because too general.

**4. Negligence ⚙⟹119(7)—Evidence of acts not alleged inadmissible.**

Admission of testimony showing acts of negligence on the part of defendant not mentioned in the petition is error.

**5. Trial ⚙⟹121(1)—Refusal to permit argument of counsel that injury to plaintiff's mules was unavoidable held error.**

In an action against a railroad for killing mules, in which there was evidence to support defendant's plea that the mules suddenly ran from behind an automobile upon the track in front of a train, which could not be stopped or checked in time to avoid the injury, refusal of the trial court to permit defendant's counsel to discuss the testimony tending to show that the injury was unavoidable was error.

**6. Railroads ⚙⟹351(21)—Charge on proximate cause of injury at crossing held improperly refused.**

In an action against a railroad company for killing mules driven on a crossing, where there was evidence that the driver heard and saw the train, refusal of a charge requested by defendant that, if the driver saw or heard the train, failure to sound a bell or whistle was not the proximate cause of the injury, was error.

Appeal from Colorado County Court; John C. Hoyo, Judge.

Action by F. A. Bruihl against the San Antonio & Aransas Pass Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Marcus Schwartz, of Hallettsville, and Grobe & Miller, of Columbus, for appellant.

LANE, J. This suit was brought by appellee, F. A. Bruihl, against the appellant, San Antonio & Aransas Pass Railway Company, to recover the value of two mules killed by one of the trains of appellant, the alleged value being $250.

[1] By paragraph 2 of plaintiff's petition he alleged that on the 23d day of September, 1917, his mules were being driven along a public road running parallel with the railway track of defendant by his agent, and that as said mules were being driven across the track of the defendant, at a point where there were no obstructions to prevent the servants and employés of the defendant operating trains over its said track from seeing his mules, said mules were struck and killed by one of the defendant's trains; that at the time his mules were killed no bell or whistle of the engine propelling said train which struck and killed them was sounded or blown so as to advise plaintiff of the approach of said train; that the crossing upon which his mules were killed was a public crossing.

By paragraph 3 he alleged as follows:

"That the striking and killing of plaintiff's mules as aforesaid was due to the negligence, carelessness, and want of proper diligence on the part of this defendant, its servants, agents, and employés."

---

The foregoing contains substantially all the allegations charging or attempting to charge liability on the part of the defendant.

The defendant answered: (1) By general demurrer; (2) by specially excepting to that part of paragraph 2 of plaintiff's petition, which alleges that no bell was sounded nor whistle blown to advise plaintiff of the approach of the train, in that it is not alleged that the failure to sound the bell or blow the whistle constituted negligence, or that such failure was the proximate cause of the killing of the mules; (3) by specially excepting to the third paragraph of plaintiff's petition, because the allegations therein contained are general in character and fail to state in what particular or particulars defendant was guilty of negligence, and therefore do not advise defendant upon what act or acts of negligence the plaintiff relies for a recovery; (4) by general denial; (5) by specially pleading that where said mules were killed was a place where a public road crossed the railway track and which could not be fenced by defendant; (6) that as the train which struck said mules approached said crossing the mules were in a ditch and behind an automobile standing near said crossing, and that by reason thereof the mules could not be, and were not, seen by the operatives of said train until they suddenly ran from behind said automobile and upon the railway track at a time when it was impossible for the operatives of the train to check the same in time to prevent its colliding with said mules; (7) that when the mules were first seen by said operatives of said train they did everything in their power, consistent with the safety of the train, its operatives, and the passengers riding thereon, to avoid striking the mules; and (8) by special pleading that the plaintiff's agent in charge of his mules at the time they were killed was guilty of negligence in that he drove said mules upon said crossing or near thereto while they were necked together, and at a time when he saw, or could by ordinary diligence have seen, the approaching train.

The case was submitted to a jury upon a general charge, and the jury returned a verdict in favor of the plaintiff for the sum of $125, and judgment was rendered in accordance with the verdict.

Appellee has filed no brief in this court. We shall therefore take the statement of the case as made by the appellant as correct without resorting to the record.

By assignments 1, 2, and 5 appellant insists that the court erred in not sustaining its general demurrer and its special exceptions 1 and 2 to appellee's petition.

[2] We do not think the court erred in overruling appellant's general demurrer, but we sustain its contention that the court should have sustained its special exceptions 1 and 2 addressed to the second and third paragraphs of the plaintiff's petition. While in the second paragraph of the petition it is alleged that the bell and whistle of the train were not sounded, there is no allegation showing or tending to show any causal connection between the acts of negligence charged and the injury inflicted. The allegation is only "no bell or whistle was sounded or blown to advise plaintiff of the approach of the train." While it is true that a failure of the operatives of a train approaching a public road crossing to ring the bell and blow the whistle of the engine propelling said train at a distance of 80 rods from such crossing before passing over same is negligence as a matter of law, it has been repeatedly held, if not uniformly so, that a failure to sound the bell and whistle can only be deemed the proximate cause of an injury when it is made to appear from the pleadings and proof that the ringing of the bell and blowing of the whistle would have prevented such injury. Texas Midland Ry. Co. v. McKissack (Tex. Civ. App.) 152 S. W. 815; Southern Kansas Ry. Co. v. Grahan (Tex. Civ. App.) 155 S. W. 653.

In the case last cited the court said:

"The mule was killed in the yard limits of appellant, * * * and at a point where appellant was not required by law to fence its right of way. It was therefore necessary for appellee to show, by pleading and testimony, that appellant was guilty of negligence which was the proximate cause of the injury."

The plaintiff in the instant case nowhere alleged that the failure to ring the bell or blow the whistle was the proximate cause of the injury complained of, either in general terms or by allegation of specific facts which of themselves would tend to show that the failure to so ring the bell or blow the whistle was the proximate cause of such injury. Nor has he alleged, even inferentially, that had the bell and whistle been sounded the injury could or would have been avoided.

[3] The allegations of the third paragraph of the plaintiff's petition, to which appellant's second special exception is addressed, charges that plaintiff's mules were killed by reason of the negligence, carelessness, and want of proper diligence on the part of the defendant, its servants, agents, and employés. No specific act of negligence or lack of proper diligence is pointed out. This general allegation of negligence is too general to require an answer thereto, when properly and timely excepted to, as was done in this case. We therefore think the court erred in refusing to sustain appellant's second special exception.

In view of the fact that we must reverse the judgment and remand the cause for retrial, we refrain from discussing the assignments Nos. 6 and 7, which raise the issue of the sufficiency of the evidence to support the judgment.

[4] We sustain appellant's contention that the court erred in permitting testimony tending to show acts of negligence on the part of defendant which were not alleged in the petition. No recovery could be had upon proof of an act of negligence of defendant which was not alleged in the petition of the plaintiff as a ground of recovery.

[5] We also sustain the contention of appellant that the trial court erred in refusing to permit its counsel to discuss the testimony introduced which tended to show that the injury to appellee's mules was unavoidable. The defendant pleaded that the mules ran suddenly from behind an automobile standing near the road crossing upon which they were killed, and suddenly ran upon the railway track ahead of the train at such time as rendered it impossible for the operatives of the train to have stopped the train or to have checked its speed so as to have prevented the collision, and there was testimony tending to support this allegation.

[6] By appellant's thirteenth assignment it is insisted that the court erred in refusing to give to the jury its special requested charge as follows:

"At the request of the defendant, you are charged that if Frank Denton, the agent of plaintiff in charge of said mules, saw said train approaching said crossing, or by the use of ordinary care could have seen said train approaching said crossing, even though you should find from the evidence that the whistle was not sounded or the bell not rung 80 rods from said crossing, then you are instructed that the failure to blow the whistle or ring the bell, if there was such failure, could not be the proximate cause of the striking and killing of said animals, and you will find for the defendant."

We think the words "or by the use of ordinary care could have seen said train approaching said crossing" should have been stricken out, and the remainder of the charge given. The evidence would have justified a finding of the jury that Denton did see the approaching train. It is manifest that, if Denton saw the train at a distance of 80 rods or more from the crossing as it approached, he had all the information that would have been given him by sounding of the bell and blowing the whistle, and in such case the failure to ring the bell and blow the whistle could not have been the proximate cause of the injury.

For the reasons pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.